Theron Elehu MILAM, Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.

No. 7165.

Court of Civil Appeals of Texas.

Amarillo.

June 25, 1962.

Rehearing Denied Sept. 4, 1962.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Alton R. Griffin, County Atty., E. M. Fulton, Jr., Asst. Co. Atty., Lubbock, for appellee.

NORTHCUTT, Justice.

On September 7, 1960, Texas Department of Public Safety entered its order suspending T. E. Milam's commercial operator's license for a period of 6 months from September 10, 1960. On October 5, 1960 Milam brought suit in the County Court at Law of Lubbock County, Texas, against Texas Department of Public Safety to set aside the six months suspension. The order of suspension was entered upon a finding that Milam was an habitual violator of the traffic laws. The finding was made under Section 22(b) of Article 6687b, Vernon's Ann. Texas Statutes. Milam hereafter will be referred to as appellant and Texas Department of Public Safety as appellee.

Appellant had been convicted of four offenses of speeding arising out of different transactions in a consecutive period of twelve months. The appellee filed in the case brought by appellant a Motion for Summary Judgment. On July 10, 1961, appellant filed a motion to dismiss appellee's motion for summary judgment on the ground the case was moot since the license that had been suspended expired by its own terms on June 2, 1961, and that a new license was issued to appellant on or about June 2, 1961 to expire on June 2, 1962. The court denied appellant's motion to dismiss and granted appellee's motion for summary judgment and held the appellant was an habitual violator of the traf-

**624**

fic laws of the State of Texas. It is from this judgment that appellant brought this appeal.

 When appellant filed this suit on October 5, 1960 to set aside the six months suspension, the order of suspension entered by the Texas Department of Public Safety was suspended until a final judgment was rendered. Section 22(c) of Article 6687b, Vernon's Ann.Texas Statutes. This case was not tried until after June 2, 1961, the date the original license, by its own terms, expired. Consequently, the license was in full force and effect until expired on June 2, 1961, and was renewed on that date to expire on June 2, 1962. Under Section 18 (a) of Article 6687b the Department had to renew the license unless it had reason to believe that appellant was no longer qualified to receive the license. At the time of the suspension on September 7, 1960, there had been no finding of a court of competent jurisdiction that appellant was an habitual violator of the traffic laws. The license of appellant was not suspended after the suit was filed in the County Court of Lubbock County, and remained in full force and effect. When the trial court decreed that appellant was an habitual violator of the traffic laws, that was the first time, after the filing of this suit, that the appellant's license could be canceled. The license in force at the time the judgment was entered declaring appellant an habitual violator of the traffic laws was the only license in existence to be canceled. The fact that a new license had been issued is nothing more than an extension of a privilege granted. Texas Department of Public Safety v. Azar, Tex.Civ.App., 274 S.W.2d 911, N.R.E.

The fact of appellant's convictions is ʼʼndisputed, but since appellant brought his action to set aside his six months suspension based upon those facts, the question of the right of the Department to suspend the license had been suspended, and the question of suspension had never been determined, and said license was in full force and effect and will continue in force until final judgment is rendered in this case. The right of the department to suspend appellant's license as an habitual violator was withheld by the action of appellant in bringing the matter for determination by the courts, and by such action, the suspension of the license has been suspended until final judgment. Department of Public Safety v. Austin, Tex., 354 S.W.2d 376, 377.

 We are of the opinion under the holding in the case of Texas Department of Public Safety v. Perlman, Tex.Civ.App., 340 S.W.2d 522, N.R.E. that appellant should be granted credit for the time that elapsed from September 10, 1960 to the date of October 5, 1960 when the petition was filed. We overrule all of appellant's points of error other than to grant the credit herein set out. The judgment of the trial court is affirmed and the appellant is here given credit upon his suspension from September 10, 1960 to October 5, 1960 when the petition was filed in the trial court.