McDERMOTT v. CITY OF DETROIT

ADMINISTRATIVE LAW AND PROCEDURE—APPEAL AND ERROR—MOOT
  QUESTION.

> Appeal and cross-appeal from trial court finding that proceedings
> conducted by defendant fire commission at which plaintiff fire
> fighter was found guilty of misconduct and assessed punish-
> ment were fair and the findings of guilt supported by the
> evidence but that the punishment assessed was violative of
> due process, constituted cruel and unusual punishment, and
> represented an imposition of involuntary servitude, are dis-
> missed as moot where it was revealed during oral argument
> to the Court of Appeals that plaintiff is no longer employed
> as a fire fighter by defendants and has never been required
> to suffer the punishment imposed.

Appeal from Wayne, Charles Kaufman, J.  Sub-
mitted Division 1 November 15, 1968, at Detroit.
(Docket No. 2,841.)   Decided February 28, 1969.
Rehearing denied April 4, 1969.

Complaint by Maurice McDermott against the city
of Detroit, a municipal corporation, and its Board
of Fire Commissioners for a review of certain pro-
ceedings conducted by defendant Board of Fire
Commissioners and an injunction preventing the
enforcement of certain penalties assessed by defend-
ant fire commission against plaintiff.  Proceedings
found proper and commission's finding of plaintiff's
guilt upheld, but punishment found to be improper.

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error §§ 761, 913, 961.

Defendants appeal.  Plaintiff cross-appeals.  Appeal
dismissed as moot.

*Robert Reese,* Corporation Counsel, and *Robert D.
McClear,* Assistant Corporation Counsel, for defend-
ants.

*Amici Curiae:* Metropolitan Detroit Branch,
American Civil Liberties Union of Michigan (by
*David Y. Klein*).

Detroit Firefighters Association, Local No. 344
IAFF (by *Rothe, Marston, Mazey, Sachs & O'Con-
nell*).

BEFORE: LESINSKI, C. J., and J. H. GILLIS and
BEER,* JJ.

PER CURIAM.  Maurice McDermott was a fire
fighter employed by the city of Detroit.  Certain
charges of engaging in conduct unbecoming to a
member of the fire department were lodged against
him.  At a hearing held on January 4, 1966 by the
Board of Commissioners of the Detroit Fire Depart-
ment, McDermott was found guilty of the charges.
He was ordered to work 15 long leave days without
pay as his punishment.

Subsequently, on February 22, 1966, a second
hearing was held on other charges.  McDermott was
again found guilty.  The 15 long days he received
at the January hearing were ordered to be served.
In addition, working 30 short leave days without
pay was imposed.

On February 24, 1966, McDermott filed a complaint
in Wayne county circuit court to review the prior
proceedings and the penalties ordered to be served.

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

The court, in an opinion dated June 30, 1966, held that the prior proceedings were fair and the findings of guilt were supported by the evidence. The trial court ruled that imposing the punishment of long and short leave days without pay was found to be violative of the Fourteenth (due process), Eighth (cruel and unusual punishment), and Thirteenth (involuntary servitude) Amendments to the United States Constitution as well as their Michigan constitutional counterparts.

The city of Detroit filed a claim of appeal from that part of the judgment which held the punishment improper and remanded for imposition of a proper penalty. McDermott filed a cross-appeal from that portion of the judgment upholding the propriety, fairness, legality and conclusions of the Detroit Board of Fire Commissioners wherein McDermott was found guilty of the charges.

On oral argument of this appeal, it was revealed to the Court by McDermott that his employment as a fire fighter was terminated after a hearing on August 23, 1966, before the Board of Commissioners of the Detroit Fire Department. This termination of employment was upheld by the Detroit civil service commission. No appeal from this order terminating McDermott's employment was taken. McDermott is no longer employed by the city of Detroit as a fire fighter nor has he been required to suffer the punishment imposed by the board and set aside by the trial court.

This Court finds that since McDermott is no longer employed by the city of Detroit and that since he never suffered the punishment imposed, this appeal and the judgment of the trial court is moot.

This appeal is dismissed as moot. No costs, a public question being involved.