SWINEHART *v.* SECRETARY OF STATE

1. APPEAL AND ERROR—MOOT QUESTION.
    The Court of Appeals will not consider moot questions or abstract propositions.

2. APPEAL AND ERROR—TEST FOR MOOTNESS.
    An important test in determining mootness is whether an event occurs which renders it impossible for the reviewing court, if it should decide in favor of the plaintiff, to grant any relief.

3. APPEAL AND ERROR—TEST FOR MOOTNESS.
    A question is not moot if the action complained of will continue adversely to affect the plaintiff in some collateral way.

4. APPEAL AND ERROR—ADMINISTRATIVE LAW—DRIVER'S LICENSE—MOOT QUESTION.
    Circumstances rendered plaintiff's action to challenge the refusal by the Secretary of State to renew his driver's license moot where plaintiff's application of August 26, 1966, was denied, plaintiff again applied for a license on April 20, 1967, and pursuant to that application a license was issued, thus rendering it impossible for the Court of Appeals to grant effectual relief, because it would be clearly useless to order the Secretary of State to give plaintiff a license when he already had one.

Appeal from Ontonagon, Donald L. Munro, J. Submitted Division 3 October 13, 1970, at Lansing. (Docket No. 7,338.)    Decided October 26, 1970. Leave to appeal denied January 22, 1971.    384 Mich 801.

Complaint by Charles H. Swinehart, Jr., against the Secretary of State to restore his automobile

REFERENCE FOR POINTS IN HEADNOTES
[1–4]  5 Am Jur 2d, Appeal and Error §§ 761–763.

driver's license.  Judgment for defendant.  Plaintiff appeals.  Affirmed.

*Charles H. Swinehart* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Wallace K. Sagendorph,* Assistant Attorney General, for defendant.

Before: Quinn, P. J., and V. J. Brennan and Ziem,* JJ.

Per Curiam.    This appeal arises out of a suit initiated in the Ontonagon Circuit Court to challenge the refusal by the Secretary of State to renew the plaintiff's driver's license.  From a judgment in favor of the defendant, plaintiff appeals.

Plaintiff is an ordained clergyman serving churches in Michigan's upper peninsula.  On August 26, 1966, he applied for a renewal of his driver's license which expired on September 8 of that year.  He was granted a 60-day permit and his application was forwarded to the Driver Improvement Section of the Office of Driver and Vehicle Services.

Since he had stated in his application for a license that he was subject to either "epilepsy, seizures, or fainting spells", he was required to and did furnish a statement from his physician explaining his disability.  The physician indicated that plaintiff had epilepsy, that it was under control with medication, and that the last epileptic seizure was in March of 1966.  If otherwise qualified, an epileptic is issued a driver's license where his seizures are reported by the physician to be under control and there have been no seizures in the last year.  Since plaintiff had

---

* Circuit judge, sitting on the Court of Appeals by assignment.

experienced a seizure within one year prior to his application, he was denied a license.

. Plaintiff next filed an appeal at the license appeal board, and before the appeal was scheduled for hearing, filed suit in the circuit court for a review of the denial. While these actions were pending, plaintiff again applied for a license on April 20, 1967. Since a year had passed from the date of his last seizure, he was issued a regular Michigan operator's license. The circuit court then upheld the action taken by the Secretary of State finding that the procedure did not deprive plaintiff of any constitutional rights.

From all that appears before us, plaintiff is presently in possession of a valid operator's license and has not had a seizure since March 1966. We are of the opinion that these circumstances render the case moot.

This Court will not consider moot questions or abstract propositions. *McDermott* v. *City of Detroit* (1969), 16 Mich App 283; *Mulligan* v. *City of Kalamazoo* (1968), 9 Mich App 713. An important test in determining mootness is whether an event occurs which renders it impossible for the reviewing court, if it should decide in favor of plaintiff, to grant any relief. *International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America* v. *Zantop Air Transport Corp.* (CA 6, 1968), 394 F2d 36. However, a question is not moot if the action complained of will continue to adversely affect the plaintiff in some collateral way, *i.e.,* affect his qualifications for a license in the future. *McMullen* v. *Secretary of State* (1954), 339 Mich 175; *Johnson* v. *Sanchez* (1960), 67 NM 41 (351 P2d 449); *Strasser* v. *MacDuff* (1953), 282 App Div 1106 (126 NYS2d 357); *Milam* v. *Texas Department of Public Safety* (Tex Civ, 1962), 359 SW2d 623.

In the case at bar, the fact that the plaintiff sought and obtained a license renders it impossible for this Court to grant effectual relief. It would be clearly useless to order the Secretary of State to give plaintiff a license since he already has one.

Furthermore, there is no indication that the plaintiff will be prejudiced in the future by the action of the Secretary of State in denying his application for a license. From a reading of the rules of procedure of the Office of Driver and Vehicle Services, it is clear that the action of which he now complains, the denial of a license, will not affect any future application he may make. The sole criterion will be the absence of any new seizure within the year preceding application irrespective of prior denials due to past seizures.

Thus, we are presented with an abstract question. We decline to decide this case on the basis that the problem is likely to arise again since it cannot be readily assumed that all of the following will necessarily occur: 1) that plaintiff will have another seizure; 2) that this seizure will occur in the last year prior to expiration of his three-year operator's license; 3) such seizure will occur sufficiently early in that year so that the case would evade review should he decide to reapply for a license within a year from the seizure; 4) the plaintiff does reapply and is granted a license; and 5) no other seizures occur while the case is pending which would preclude the plaintiff from obtaining a license. Since the question presented is moot, the appeal will be dismissed without ruling on the merits. *Zantop Air Transport Corp., supra.*

Affirmed.