LOCAL 214, STATE, COUNTY & MUNICIPAL WORKERS, LAW
ENFORCEMENT DIVISION v GENESEE COUNTY BOARD OF
COMMISSIONERS

Docket No. 59592. Decided October 6, 1977. On application by the
defendants for leave to appeal the Supreme Court, in lieu of
granting leave to appeal, reversed the decision of the Court of
Appeals.

Local 214, State, County and Municipal Workers, Law Enforce-
ment Division, brought a complaint against the defendants,
Genesee County Board of Commissioners and the Genesee
County Sheriff, alleging that the suspension by the Sheriff of
Lieutenant Dennis Bailey and Deputies Delbert Monroe, Don-
ald K. Floyd and Richard Frost was the result of a labor
dispute. The Genesee Circuit Court, Donald R. Freeman, J.,
granted accelerated and summary judgment for the defendants,
"reserving any further action on the conditions contained" in
his previous written opinion. Several days later another deputy,
Ernest Eckert, was suspended, and the plaintiffs filed an
amended complaint. The trial court issued an order to show
cause, directed the defendants to cease further suspensions, and
later ordered the defendants to restore Deputy Eckert with
back pay and awarded attorneys' fees to the plaintiff union.
The Court of Appeals, Bashara, P. J., and M. F. Cavanagh and
D. C. Riley, JJ., affirmed per curiam (Docket No. 24607). De-
fendants apply for leave to appeal. *Held:*

The lawsuit ended with the accelerated and summary judg-
ment for the defendants. Review of the trial court's written
opinion does not show that the reservation in the judgment
included an express injunction or a declaration that the Sheriff
must cease further suspensions. Therefore, it was error for the
trial court to order a deputy restored to his duties based on a
preliminary injunctive order made before the judgment ended
the lawsuit. The trial court further found specifically that
neither the sheriff nor the defendants were in contempt. There-
fore, the decision of the Court of Appeals is reversed and the
order of the trial court restoring the deputy to duty and
awarding attorneys' fees is reversed.

Reversed.

*Goldberg, Previant & Uelman, S. C. (by John S. Williamson, Jr.)* for plaintiff.

*Clary, Nantz, Wood & Van Orden (by Robert W. White* and *Leo H. Litowich)* for defendants.

PER CURIAM. This lawsuit arose from a labor dispute in the Genesee County Sheriff's office. Plaintiffs filed suit on October 15, 1974, after Lieutenant Dennis Bailey and certain deputies had been suspended from their duties with the Sheriff's Department. An order to show cause was entered on October 16, 1974, and the defendants were ordered to appear at a hearing in November concerning the suspensions.

The defense, on November 15, 1974, sought both accelerated judgment and summary judgment in the suit. Such relief was granted through an opinion of December 16, 1974, and an order granting accelerated and summary judgment filed January 10, 1975.

Then, on January 13, 1975, yet another deputy sheriff was suspended in connection with the same labor dispute. The trial judge signed another order to show cause on January 23, 1975 and directed the defendants to cease further suspensions.

In an order dated May 23, 1975, the trial judge, although specifically not finding either the Sheriff or the Board of Commissioners in contempt of a prior order, ordered the deputy who had been suspended on January 13 restored, and awarded the plaintiff union $2,000 in reasonable attorneys' fees. The Court of Appeals affirmed in a per curiam opinion.

This Court has considered an application for leave to appeal submitted by defendants-appellants and the response thereto, and, in lieu of leave to appeal, pursuant to GCR 1963, 853.2(4), we re-

verse, nullifying the award of $2,000 attorneys' fees and setting aside the peremptory restoration of the deputy to his position, without prejudice to the deputy's seeking relief before the Michigan Employment Relations Commission.

We agree with appellants' contention that the lawsuit filed on October 15, 1974, came to an end with the summary and accelerated judgment entered on January 10, 1975. We do acknowledge that this paragraph was in that order:

"The court grants the defendants' motions for accelerated and summary judgment in accordance with the written opinion of the court entered on December 16, 1974, with the court receiving [changed to 'reserving' by the circuit judge and initialed by him on January 14, 1975] any further action on the conditions contained therein."

Our review of the December 16, 1974 opinion does not reveal an express injunction or declaration that the Sheriff must not suspend any more deputies. Since the accelerated and summary judgment ended the initial lawsuit, it was error for the trial judge to order a subsequent restoration to duties based on an order in the initial lawsuit.

We also acknowledge that the trial judge, in an October 16, 1974 *ex parte* order, ordered that there be no further suspensions. This order also did not survive the January 10, 1975 summary and accelerated judgment.

As for the award of attorneys' fees, this Court notes that such awards are not the general rule in Michigan. The Court of Appeals cited MCLA 600.1721; MSA 27A.1721 in connection with this award, but the possible effect of that statute in this case is nullified by the trial court's explicit

finding that neither the Sheriff nor the board were in contempt (see June 13, 1975 order):

"It is further ordered, adjudged, and decreed that the action of Sheriff O'Brien, though in clear violation of the explicit terms of this court order, was not a deliberate violation and does not constitute contempt of this court and, therefore, the motion requesting Sheriff John P. O'Brien be held in contempt of the court, be, and the same hereby is denied.

"It is further ordered, adjudged, and decreed that the motion requesting the Board of Commissioners of Genesee County be held in contempt for violating the court's order of November 19, 1974, be, and the same is denied."

The judgment of the Court of Appeals is reversed, the peremptory restoration of the deputy is reversed, and the award of attorneys' fees is reversed. Costs to appellants.

This Court does not retain jurisdiction.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.