BRUCE E COHAN, MD, PC v RIVERSIDE PARK PLACE
CONDOMINIUM ASSOCIATION, INC

Docket Nos. 58321, 58358. Submitted November 4, 1982, at Lansing.—
Decided March 8, 1983. Leave to appeal applied for.

Bruce E. Cohan, M.D., P.C., a condominium unit owner in River-
side Park Place, a 60-unit highrise condominium apartment
complex, sought from the condominium association board of
directors the right to enclose the balcony of its unit. That
request was denied. Bruce E. Cohan, M.D., P.C., brought an
action in Washtenaw Circuit Court against the Riverside Park
Place Condominium Association, Inc., and the individual mem-
bers of the board of directors of the association seeking to have
the board's denial of the request to enclose the balcony over-
turned. The association and the board members filed a counter-
claim seeking an order permitting the board to inspect plain-
tiff's unit to ascertain whether suspected unauthorized modifi-
cations to the unit which were in violation of the condomin-
ium association bylaws had been made. Henry T. Conlin, J.,
upheld the decision of the board of directors denying plaintiff's
request to enclose the balcony and ordered plaintiff to permit
an inspection of the unit by a representative of the association
for the purpose of determining whether there were any modifi-
cations of the unit in violation of the association bylaws, with
Bruce E. Cohan being ordered to permit the inspection. The
association was not permitted to make the inspection as re-
quired by the court's order and Bruce E. Cohan was found to be
in contempt of court. Defendants were awarded attorney fees
for both their defense of Cohan's action and their action
against Cohan. Plaintiff brought separate appeals from the
underlying orders and from the order of contempt. The appeals
were consolidated. *Held:*

1. Review of the decision of the board of directors in denying
plaintiff's request to enclose the balcony focuses on whether the

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 15A Am Jur 2d, Condominiums and Cooperative Apartments
§ 31.
[2] 15A Am Jur 2d, Condominiums and Cooperative Apartments § 39.
[5] 20 Am Jur 2d, Costs § 72.

board can demonstrate that it acted reasonably in its determination of plaintiff's request. The Michigan Condominium Act prohibits an owner of a condominium unit to change the exterior of the unit except to the extent and subject to such conditions as may be specified in the condominium documents. The condominium bylaws for this condominium empower the board of directors to approve alterations of common elements only if such alterations do not impair the appearance of the condominium. Since the balcony is a common element and since it cannot be said that the enclosing of the balcony would not impair the appearance of the condominium, the trial court did not err in upholding the decision of the board of directors denying the plaintiff's request to enclose the balcony.

2. The statutory right of a condominium association to prohibit modifications which endanger safety or structural integrity, coupled with the similar provision in the association bylaws and the inherent realities of condominium living, impliedly authorizes reasonable inspections by the association of the individual units for suspected unauthorized modifications by the unit owner. The trial court properly ordered plaintiff to permit a reasonable inspection of the unit.

3. Since the order of the trial court permitting the inspection was proper, the refusal to abide by that order was unjustified and the contempt proceedings were appropriate.

4. The award of attorney fees to defendants to the extent that such award related to defendants' defense of plaintiff's action was improper; however, the award of attorney fees insofar as they related to defendants' counterclaim was proper.

Affirmed as modified and remanded.

1. CONDOMINIUMS — ALTERATION OF CONDOMINIUM UNITS — REVIEW.

Review of a decision of a board of directors of a condominium association relative to a request by a condominium unit owner to alter the unit focuses on whether the board of directors applied the "rule of reason", that is, whether the board can demonstrate that it acted reasonably in its determination of the owner's request.

2. CONDOMINIUMS — ALTERATION OF CONDOMINIUM UNITS — STATUTES.

The Michigan Condominium Act prohibits an owner of a condominium unit from changing the exterior appearance of a condominium unit except to the extent and subject to such conditions

as may be specified in the condominium documents (MCL 559.147[1]; MSA 26.50[147][1]).

3. CONDOMINIUMS — ALTERATION OF CONDOMINIUM UNITS — APPEAL.

A decision by a condominium association board of directors to refuse to permit a condominium unit owner to enclose the balcony of his unit cannot be said to be unreasonable or arbitrary where the condominium association bylaws provide that the alterations of the limited common elements, which include the individual units' balconies, may only be altered if such alterations do not impair the appearance of the condominium and such an alteration would clearly impair the appearance of the condominium.

4. CONDOMINIUMS — INSPECTION OF CONDOMINIUM UNITS.

The right of a condominium association board of directors to request access to a condominium unit for the purpose of an inspection for suspected violations of the condominium agreement is impliedly authorized by both statutory and any agreement provisions relating to the power of the condominium association to insure safety and structural integrity and by the inherent realities of condominium ownership.

5. CONDOMINIUMS — ACTIONS — ATTORNEY FEES.

Attorney fees may not be awarded to a condominium association where the association successfully defends itself in an action brought by a condominium unit owner against the association on the basis that the association improperly denied the owner's request to modify the exterior of his unit; however, attorney fees are properly awarded to a condominium association where the association successfully brings an action against a condominium unit owner seeking the right to inspect the unit owner's premises to ascertain whether the owner has made modifications to the premises which endangers safety and structural integrity and the owner refuses to abide by an order of the court permitting an inspection (MCL 559.206[b]; MSA 26.50[206][b]).

*Eames, Wilcox, Mastej & Bryant* (by *Henry J. M. Helstaedt, III),* and *Jenner & Block* (by *Patrick J. Phillips* and *Sidney I. Schenkier),* for plaintiff.

*Laird & Chin* (by *John R. Laird),* for defendants.

Before: D. E. Holbrook, Jr., P.J., and Allen and
R. L. Tahvonen,* JJ.

D. E. Holbrook, Jr., P.J. This dispute arose out
of a conflict between the respective rights of a
condominium unit owner and the condominium
association and its board of directors. The condo-
minium involved is Riverside Park Place, a 60-unit
highrise apartment complex in Ann Arbor. Plain-
tiff, the owner of a unit in that condominium,
appeals as of right the trial court's orders uphold-
ing defendant board's decision denying plaintiff's
request to enclose the balcony of plaintiff's unit,
ordering plaintiff to submit to an inspection of the
condominium unit, and finding Dr. Cohan in con-
tempt for refusing to submit to the inspection.
Plaintiff additionally appeals the trial court's
award of attorney fees.

First, plaintiff claims the trial court erred in
upholding the board's decision denying plaintiff's
request to enclose the balcony. For purposes of this
appeal, we assume *arguendo* that the board had
authority to consider plaintiff's request to enclose
the balcony. The inquiry then is whether the
board properly applied the "rule of reason" in
denying the request. *Hidden Harbour Estates, Inc
v Norman,* 309 So 2d 180 (Fla App, 1975). Under
the "rule of reason", a condominium association's
board must demonstrate that it acted reasonably
in denying a unit owner's special request.

While Michigan has little case law on the sub-
ject of this dispute, Michigan has enacted a de-
tailed condominium statute which expressly states
that:

"A co-owner shall not do anything which shall

---

* Circuit judge, sitting on the Court of Appeals by assignment.

change the exterior appearance of a condominium unit or of any other portion of the condominium project, except to the extent and subject to the conditions as the condominium documents may specify." MCL 559.147(1); MSA 26.50(147)(1).

Under art VI, § 3, of the bylaws of Riverside Park Place Condominium (hereinafter bylaws), the board is given authority to approve alterations to common elements (Master Deed, art IVb[2] defines balconies as limited common elements), but only if such alterations "do not impair * * * the appearance of the condominium".

In *Sterling Village Condominium v Breitenbach*, 251 So 2d 685 (Fla, 1971), the plaintiff brought suit to enjoin the defendant from installing glass "jalousies" in place of wire screening on two balconies. There, as here, the balconies were specifically defined in the master deed as "limited common elements". The court found that "the substitution of glass jalousies for wire screen was a material and substantial alteration". *Sterling, supra,* p 688. In making this determination, the court noted that the substitution "is a change in the elements and specifications of the enclosures" and that "this change affects the function, use and appearance of the building". *Sterling, supra,* p 687.

We find *Sterling* to be controlling here. Our case is even more appropriate for a finding of a material alteration than *Sterling*. There, the balconies were at least surrounded by some material before the unit owner saw fit to add glass enclosures. Here, plaintiff proposed to add glass to open balconies where there is presently no enclosure material at all. The alteration in the present case is therefore an even more significant change of function and element than in *Sterling*. Certainly, plaintiff's proposed alteration is far more substan-

tial in nature than the other types of alterations referred to in Bylaws, art VI, § 3, which prohibits, without board approval, "the erection of antennas, lights, aerials, awnings, doors, shutters, or other exterior attachments or modifications".

These latter types of alterations, ornamental or accessory in nature, have far less impact on the appearance of the balcony than plaintiff's proposed glass enclosure, a structural change which would encompass the entire balcony.

We agree with the court in *Sterling, supra,* p 688 that:

"Every man may justly consider his home his castle and himself as the king thereof; nevertheless his sovereign fiat to use his property as he pleases must yield, at least in degree, where ownership is in common or cooperation with others. The benefits of condominium living and ownership demand no less. The individual ought not to be permitted to disrupt the integrity of the common scheme through his desire for change, however laudable that change might be."

After reviewing the record, we conclude the board did not act unreasonably or arbitrarily in denying plaintiff's request. Accordingly, the trial court did not err in upholding their decision.

Plaintiff next contends that the trial court erred in upholding defendants' request to inspect plaintiff's unit. Plaintiff argues that until defendants can establish an actual violation, no inspection or entry is justified. We disagree. The condominium documents do not expressly grant a right to the board to request access for purposes of inspection for suspected violations. However, we hold such a right is "impliedly authorized by various documents and by the inherent realities of a condomin-

ium project".[1] The board must, at reasonable times, have the right to request an inspection of the premises so as to ensure compliance with the terms of the condominium agreement, statutes, rules and regulations. This is true where, as in the case herein, the board merely suspects a violation may have occurred but has not yet been able to prove its existence. If defendants had to first prove the existence of a violation within a unit before requesting an inspection of the unit, defendants would be unable to guarantee the safety and structural integrity of the building. This practical consideration supports defendants' interpretion of Bylaws, art XI, § 1(c). In short, plaintiff's interest in privacy must yield to defendants' interest in monitoring unsafe conditions which may be hidden inside various units. In *Hidden Harbour Estates, supra,* pp 181-182, that court recognized that:

"[I]nherent in the condominium concept is the principle that to promote the health, happiness, and peace of mind of the majority of the unit owners since they are living in such close proximity and using facilities in common, each unit owner must give up a certain degree of freedom of choice which he might otherwise enjoy in separate, privately owned property. Condominium unit owners comprise a little democratic subsociety of necessity more restrictive as it pertains to use of condominium property than may exist outside of the condominium organization. The Declaration of Condominium involved herein is replete with examples of the curtailment of individual rights usually associated with private ownership of property."

We agree and hold that the trial court's order requiring plaintiff to submit to an inspection of the unit was proper.

[1] See MCL 559.147(1); MSA 26.50(147); 1979 AC, R 559.509; Bylaws, art VI, § 3; Bylaws, art VI, § 12; Bylaws, art XI, § 1(c).

Since the trial court's inspection order was not reversibly erroneous, plaintiff's disobedience of that order was unjustified and the contempt proceedings were appropriate. The contempt shall stand until such time that Dr. Cohan purges himself by permitting the scheduled inspection. We need not address plaintiff's claim that Dr. Katz is biased and should not conduct the inspection. This issue is moot since Katz is no longer available to conduct such inspection and defendants have agreed to designate another person, subject to the review of the trial court.

Finally, plaintiff contends that the trial court erred in awarding attorney fees in favor of defendants. There were two aspects to the action before the trial court. First, plaintiff filed a complaint, alleging that defendants improperly denied plaintiff's request to enclose the balcony. In this regard plaintiff cites *Papalexiou v Towers West Condominium,* 167 NJ Super 516; 401 A2d 280 (1979), for the proposition that attorney fees may not be awarded to a condominium association where the action is brought by a unit owner rather than the association. We agree. In the present case, as in *Papalexiou,* the complaint required the association to defend its conduct; the association was not enforcing an action against plaintiff. To the extent that the attorney fees awarded to defendant arose out of the defense to plaintiff's complaint, the fees were improper under *Papalexiou.*

The remaining portion of the action before the trial court involved defendant's counterclaim requesting an opportunity to inspect plaintiff's unit. As stated earlier, the trial court properly ordered plaintiff to submit to an inspection. Plaintiff's subsequent refusal to submit to that order was by itself a sufficient "default" to justify an award of

attorney fees to defendants. See Bylaws, art XI, § (1)(b); MCL 559.206(b); MSA 26.50(206)(b). We hold the trial court properly awarded costs and attorney fees incurred by defendants in prosecuting their counterclaim for inspection. Accordingly, we remand this case to the trial court with instructions to reduce its award of attorney fees to those incurred in the course of prosecuting the counterclaim only.

Affirmed as modified. Remanded for proceedings consistent herewith. No costs, neither party having fully prevailed.