140 Mich. App. 564 (1985)
365 N.W.2d 201
BRUCE E COHAN, MD, PC
v.
RIVERSIDE PARK PLACE CONDOMINIUM ASSOCIATION, INC.
Docket No. 76099.
Michigan Court of Appeals.
Decided February 5, 1985.
Ivan E. Barris, for plaintiff.
Laird, Chin, Schwartz & Swartz (by John R. Laird), for defendants.
Before: ALLEN, P.J., and J.H. GILLIS and W.J. GIOVAN,[*] JJ.

AFTER REMAND
PER CURIAM.
In this cause, plaintiff appeals as of right from a January 18, 1984, order of the Washtenaw Circuit Court denying plaintiff's motion brought under GCR 1963, 528.3 for relief from an October 3, 1980, judgment ordering plaintiff to submit to an inspection of unit 26 of Riverside *566 Condominiums in Ann Arbor. The October 3, 1980, judgment was affirmed by this Court in Bruce E Cohan, MD, PC v Riverside Park Place Condominium Ass'n, Inc, 123 Mich App 743; 333 NW2d 574 (1983), lv den 417 Mich 1100.48 (1983). The basis of the present appeal is the trial court's failure to consider the constitutionality of the court-ordered inspection without a search warrant.
Following the opinion of this Court, the defendant filed a motion to appoint a substitute inspector, since the previously named inspector had moved outside the state, and plaintiff filed a motion pursuant to GCR 1963, 528.3 for relief from the trial court's October 3, 1980, judgment on grounds that "to the extent that this Court's prior judgment permits the court to order a search of the condominium, pursuant to state law, without any prior determination of probable cause or justification, it contravenes these constitutional principles".[1] Both motions were heard on December 28, 1983, and the trial court denied plaintiff's motion and granted defendant's motion. A series of legal maneuvers, not necessary to detail for purposes of this case, ensued, culminating in an order of the trial court May 30, 1984, ordering the sheriff's department to "use such force as is necessary to gain entry into condominium unit number 26" to permit inspection.
Once more, plaintiff filed an application for leave to appeal. Leave was denied by this Court June 12, 1984.[2] The inspection took place sometime before June 12, 1984, and a report was made to defendant condominium board. The board determined that, while plaintiff had violated the condominium *567 documents, the violations did not appear to seriously affect the health, safety, and general welfare of the other condominium owners. The board decided not to take action regarding the violations, but sought to enjoin plaintiff from further renovations without board approval.
GCR 1963, 528.3(6), the rule on which plaintiff's motion is based, provides in relevant part:
".3 Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motions and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:

* * *
"(6) any other reason justifying relief from the operation of the judgment."
Relief from judgment pursuant to GCR 1963, 528.3(6) may be granted only when extraordinary circumstances make it necessary to achieve justice. Lark v The Detroit Edison Co, 99 Mich App 280; 297 NW2d 653 (1980). A denial of relief from judgment is a discretionary decision of the trial court, which this Court will not disturb absent a clear showing of abuse of discretion. Lark, supra. We decline to disturb the trial court's refusal to set aside the October 3, 1980, judgment on two grounds.
First, the issue is moot. The relief sought by plaintiff's motion was to enjoin the inspection which the trial court ordered in its October 3, 1980, judgment and which was approved on appeal by this Court in Cohan v Riverside Park, supra. Where the act which is sought to be enjoined has already been performed, or can never be performed, the appeal is moot. Stern v Stern, 327 Mich 531, 534; 42 NW2d 737 (1950); McDermott v *568 Detroit, 16 Mich App 283, 285; 167 NW2d 870 (1969); Swinehart v Secretary of State, 27 Mich App 318, 320-321; 183 NW2d 397 (1970). In the case before us, the fact that entry into unit 26 has been accomplished and an inspection has been made renders it impossible for this Court to grant effectual relief.
Nevertheless, we decline to base our opinion on the technical ground of mootness alone. The excellence of plaintiff's counsel's brief and the persistence with which plaintiff has pursued appellate relief justify a decision on the merits. Does plaintiff have a Fourth Amendment claim? Plaintiff asserts that under Fourth Amendment principles a search warrant must be obtained before entry can be made into unit 26.
The flaw in plaintiff's argument is that the purpose of the Fourth Amendment "is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials". Camara v Municipal Court of the City and County of San Francisco, 387 US 523, 528; 87 S Ct 1727; 18 L Ed 2d 930 (1967) (emphasis added). In the present case, the right to inspect was not asserted by any governmental entity. Instead, it was asserted by a private association with whom plaintiff contracted when the condominium was purchased. The association's right to inspect is a question of contract between two private parties, as both the lower court and this Court have found. The inspection of the common elements and limited common elements within unit 26 by defendants thus does not reach constitutional magnitude for Fourth Amendment purposes.
Even if governmental action were involved in the present case, the inspection ordered by the lower court and affirmed by this Court in Cohan, supra, does not rise to the level of an "unreasonable *569 search and seizure". Plaintiff contends that, for Fourth Amendment purposes, an inspection of a home is the equivalent of a search and that searches and seizures inside a home without a warrant are presumptively unreasonable, citing Payton v New York, 445 US 573, 585-586; 100 S Ct 1371; 63 L Ed 2d 639 (1980); Camara, supra; See v City of Seattle, 387 US 541; 87 S Ct 1737; 18 L Ed 2d 943 (1967). These propositions are clearly correct. However, even assuming arguendo that the present case involved a search by a governmental unit, as in the cases cited by plaintiff, the cases are not on point with the present case.
The Michigan Condominium Act, MCL 559.101 et seq.; MSA 26.50(101) et seq., makes it clear that the owner of a condominium unit, while he may have a fee simple interest, does not have an exclusive interest in the condominium property. Throughout the act, the titleholder of a condominium unit is referred to as a "co-owner". MCL 559.106; MSA 26.50(106) defines a co-owner as a person who owns a condominium unit within the condominium project. This language employed by the Legislature makes it apparent that the titleholder of a condominium unit has fundamental property rights, but he nevertheless enjoys them coextensively with other members of the condominium project.
This coextensive property interest is reflected in this Court's decision in Cohan, supra, where this Court noted:
"In short, plaintiff's interest in privacy must yield to defendant's interest in monitoring unsafe conditions which may be hidden inside various units. In Hidden Harbour Estates, [Inc v Norman, 309 So 2d 180, 181, 182 (Fla App, 1975)], that court recognized that:
"`[I]nherent in the condominium concept is the principle *570 that to promote the health, happiness and peace of mind of the majority of the unit owners since they are living in such close proximity and using facilities in common, each unit owner must give up a certain degree of freedom of choice which he might otherwise enjoy in separate, privately owned property. Condominium unit owners comprise a little democratic subsociety of necessity more restrictive as it pertains to use of condominium property than may exist outside of the condominium organization. The Declaration of Condominium involved herein is replete with examples of the curtailment of individual rights usually associated with private ownership of property.' We agree and hold that the trial court's order requiring plaintiff to submit to an inspection of the unit was proper." 123 Mich App 749. (Emphasis added.)
Given this balance of interests, it cannot be said that the association's inspection of the common elements and limited common elements within plaintiff's condominium unit amounts to a constitutional violation as an unreasonable search and seizure. The common limited elements are co-owned by the association. Plaintiff, as a co-owner of those elements of his condominium unit, has relinquished some aspects of his right of privacy in his home. Therefore, the exercise of the right to inspection when balanced against plaintiff's interest in his co-owned property meets the test of reasonableness, making a warrant unnecessary.
We do not intend by this opinion to hold that condominium owners are not without Fourth Amendment rights in some particulars. It may well be that in certain instances entry into a condominium unit will require a warrant. However, this is not necessary under the instant factual situation.
Affirmed. Costs to defendants.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.
[1] US Const, Am IV, XIV; Const 1963, art 1, § 11.
[2]