PLUMBERS AND PIPEFITTERS LOCAL UNION NO 190 v WOLFF

Docket Nos. 72282, 74246. Submitted January 22, 1985, at Lansing.— Decided April 15, 1985.

Plumbers and Pipefitters Local Union No. 190, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO, brought an action in Washtenaw Circuit Court against John Wolff and Westside Mechanical Contractors, Inc., seeking an order requiring defendants to use members of plaintiff local on two construction projects for which Westside was a subcontractor. The parties entered into a settlement agreement. The circuit court, Patrick J. Conlin, J., entered a consent order embodying the settlement agreement. The parties thereafter entered into a modified agreement. The court entered a consent order which incorporated the modified agreement. Defendants violated the terms of the amended consent order and were held in contempt. The court indicated that defendants could purge their contempt by agreeing to the court's suggested further modification of the agreement. Defendants agreed to the court's amendments, and an order was entered modifying the settlement agreement. Defendants appealed. The court, on plaintiff's motion, then awarded plaintiff attorney fees. Defendants appealed. The appeals were consolidated. *Held:*

1. The Court of Appeals concluded that the completion of the construction projects rendered moot defendants' issues relating to the contempt proceedings and declined to address those issues.

2. A court may award attorney fees sustained as a result of contemptuous conduct; however, the award is limited to attorney fees which are directly attributable to the contempt proceedings. Accordingly, the trial court erred in including in the award fees attributable to other proceedings.

Affirmed in part; reversed in part and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 761, 762.
[2] 56 Am Jur 2d, Motions, Rules, and Orders § 29 *et seq.*
[3] 17 Am Jur 2d, Contempt § 114.
Allowance of attorneys' fees in civil contempt proceedings. 43 ALR3d 793.

1. APPEAL — MOOTNESS.

    An issue raised in an appeal is moot where an event occurs which renders it impossible for the reviewing court to grant any relief.

2. MOTIONS AND ORDERS — DUTY TO OBEY.

    Parties are obliged to obey an order of a court, regardless of the propriety of the order, until such time as the order of the court is dissolved.

3. CONTEMPT — ATTORNEY FEES.

    A court may order that one found to be in contempt of court pay to an injured party a sum sufficient to indemnify that party for an actual loss sustained as a result of the contemptuous conduct; such a loss may include attorney fees; however, the amount of attorney fees so awarded is limited to those attorney fees which are directly attributable to the contempt proceedings and may not include attorney fees incurred either in prior proceedings in the same case or in separate proceedings arising out of the same circumstances (MCL 600.1721; MSA 27A.1721).

*Hurbis & Graf, P.C.* (by *Victor L. Graf, Jr.*), for plaintiff.

*Bennett, Gorcyca & Associates* (by *Karl R. Bennett, Jr.*), for defendants.

Before: SHEPHERD, P.J., and D. E. HOLBROOK, JR. and M. F. SAPALA,* JJ.

SHEPHERD, P.J. Defendants appeal as of right from a circuit court order setting terms by which they could purge themselves of contempt (case No. 72282) and an order awarding plaintiff attorney fees (case No. 74246). We affirm the former order, but reverse the award of attorney fees in part and remand for further proceedings.

Defendants together acted as a subcontractor in two construction projects. In February, 1983, defendants agreed to employ three of plaintiffs' mem-

    * Recorder's Court judge, sitting on the Court of Appeals by assignment.

bers in the projects. This agreement was incorporated in a consent order entered by the circuit court on March 8, 1983. On April 6, 1983, the court found defendants in contempt for violating the consent order by using a non-union employee to perform certain work within the terms of the order. The court ordered defendants to purge themselves of contempt by submitting "a plan" to "[insure] that there will be no further violations of the settlement agreement and order". Thereafter, the parties executed a modified settlement agreement. Work continued on the two construction projects.

On June 3, 1983, the circuit court again found defendants in contempt and ordered a halt to defendants' participation in the construction proj-ects. In a June 10, 1983, order, the court stated that defendants could resume work on the projects only if they submitted to certain modifications of the settlement agreement and consent order. Defendants filed their claim of appeal on June 29, 1983. The construction projects apparently were completed during the pendency of this appeal.

On September 20, 1983, the circuit court awarded plaintiff attorney fees of $13,047.49, the amount which, according to the court, plaintiff expended "to seek and obtain a finding of contempt". However, plaintiff's bill of costs shows that plaintiff included fees incurred in separate unfair labor practice proceedings before the National Labor Relations Board (NLRB). The bill of costs does not state how much of the amount awarded by the circuit court was incurred in the NLRB proceedings. Defendants filed a separate claim of appeal from the order awarding plaintiff attorney fees.

In case No. 72282, defendants raise two issues: (1) whether the circuit court exceeded its authority

to deal with civil contempts by ordering them to submit to modification of the settlement agreement and (2) whether they had adequate notice of the nature of the contempt proceedings (i.e., criminal or civil). We conclude that the completion of the two construction projects has rendered these issues moot. We decline to address them. "An aspect of mootness includes the question of the court's ability to fashion appropriate and effective relief to resolve the alleged controversy." *East Grand Rapids School Dist v Kent County Tax Allocation Board,* 415 Mich 381, 391; 330 NW2d 7 (1982). An issue is moot when an event occurs which renders it impossible for the reviewing court to grant any relief. *Shumacher v Tidswell,* 138 Mich App 708, 717; 360 NW2d 915 (1984); *Swinehart v Secretary of State,* 27 Mich App 318, 320-321; 183 NW2d 397 (1970), lv den 384 Mich 801 (1971). In this case, the circuit court imposed no fine or term of imprisonment. Defendants have complied with the order complained of and completed work on the two projects.

In case No. 74246, defendants assert that there is no authority for an award of attorney fees to plaintiff. We disagree. Regardless of the propriety of the circuit court orders, defendants were obliged to obey them until they were dissolved. *Rose v Aaron,* 345 Mich 613; 76 NW2d 829 (1956); *Schumacher, supra,* p 722. MCL 600.1721; MSA 27A.1721 authorizes the court to order payment of a sum sufficient to indemnify an injured party for "an actual loss" sustained as a result of the defendant's contempt. Such a loss may include attorney fees incurred as a result of the contemptuous conduct. *White v Wadhams,* 211 Mich 658, 666-667; 179 NW 245 (1920); see also *Local 214, State, County & Municipal Workers v Genesee County*

*Bd of Comm'rs,* 401 Mich 408, 410-411; 258 NW2d 55 (1977).

Defendants also claim that the attorney fee award is partly invalid because it includes expenses incurred in NLRB proceedings. This claim has merit. We cannot agree with plaintiff's argument that fees incurred in separate proceedings are allowable herein because the other proceedings were "ancillary" to the contempt proceedings in circuit court. Rather, we believe that the circuit court had authority to award fees incurred only in proceedings held before it. Such fees are the only ones which resulted directly from the contempt. MCL 600.1721. Moreover, the "American Rule", which forbids attorney fee awards in the absence of statute or court rule, also "precludes courts from awarding attorney's fees incurred during prior proceedings in the same case". *Summit Valley Industries, Inc v Local 112, United Brotherhood of Carpenters & Joiners of America,* 456 US 717, 726; 102 S Ct 2112; 72 L Ed 2d 511 (1982).

Accordingly, the matter is remanded for a hearing to determine what portion of the attorney fee award relates to fees incurred in the NLRB proceedings and an appropriate reduction of the award.

Affirmed in case No. 72282. Reversed in part and remanded for further proceedings in case No. 74246. No costs, neither party having prevailed in full.