# STATE OF MICHIGAN

# COURT OF APPEALS

---

MICHAEL WENNERS, DAVID CROSS, and
SALLY CROSS,

        Plaintiffs-Appellees,

v

MATTHEW D. CHISOLM and AMY C.
CHISOLM a/k/a AMY C. VOGEL,

        Defendants-Appellants,

and

CLAUDIA M. WEBB and MARY J. POIRER,

        Defendants.

UNPUBLISHED
March 24, 2015

No. 314938
Washtenaw Circuit Court
LC No. 12-001197-CH

---

Before: JANSEN, P.J., and METER and BECKERING, JJ.

PER CURIAM.

In this matter involving riparian rights, appellants[1] appeal from an order of the Washtenaw Circuit Court denying their motion for summary disposition pursuant to MCR 2.116(C)(5) (lack of legal capacity to sue) and (C)(8) (failure to state a claim on which relief can be granted). The matter is before us on remand from the Supreme Court for consideration as on leave granted. *Wenners v Chisolm*, 496 Mich 854; 847 NW2d 245 (2014). We dismiss the appeal as moot.

Appellees own adjacent riparian properties on Portage Lake, separated by an approximately 15-to-20 foot pathway that runs to the lake. Appellants, who own non-riparian property, have a right-of-way easement along the pathway up to a point approximately 90 feet short of the shoreline. The parties refer to these 90 feet as the "Northern Way," and its owner is unknown. Appellants and their guests use the Northern Way to access the lake and a seasonal

---

[1] Although they were listed on the order being appealed, Claudia Webb and Mary Poirer were subsequently dismissed from the case, and they are not parties to this appeal.

-1-

dock they place in the water and use to moor boats. In filing their action in the lower court, appellees asked the court to declare that appellants do not have riparian rights to the lake and do not have the right to use the Northern Way to get to the lake, to place a dock in the lake, or to moor a boat unattended on the lake.

Appellants filed a motion for summary disposition, challenging appellees' standing to bring their declaratory action and alleging that appellees neither own, control, possess, nor have any legal interest in the Northern Way and have not claimed any cognizable violation of their own riparian rights. The trial court denied the motion, and appellants filed the instant appeal. While this appeal was pending, however, appellants filed a separate cause of action in circuit court against the actual, but unknown, owner or owners of the Northern Way, which resulted in an April 16, 2014, default judgment confirming that appellants, through their predecessors, had a prescriptive easement along the Northern Way to riparian and water-access rights, including the right to install and remove a seasonal dock. This default judgment became part of the appellate record in this case after the Supreme Court remanded it to us.

"Whether a case is moot is a threshold issue that a court addresses before it reaches the substantive issues of the case itself." *People v Richmond*, 486 Mich 29, 35; 782 NW2d 187 (2010), reh gtd in part 486 Mich 1041 (2010), amended 784 NW2d 204 (2010). This Court "will not consider moot questions or abstract propositions." *Swinehart v Secretary of State*, 27 Mich App 318, 320; 183 NW2d 397 (1970). Mootness exists when "an event occurs which renders it impossible for the reviewing court, if it should decide in favor of the party, to grant relief." *In re Forfeiture of $5300*, 178 Mich App 480, 485; 444 NW2d 182 (1989). Nevertheless, this Court may entertain a case that is technically moot "if the issues involved are of public significance and are likely to recur in the future and yet evade judicial review." *In re Wayne Co Election Comm*, 150 Mich App 427, 432; 388 NW2d 707 (1986).

The instant appeal was rendered moot by the April 16, 2014, default judgment confirming appellants' prescriptive easement to the Northern Way and to riparian and water-access rights. Appellees' first amended complaint asked the court to declare that appellants did not have the right to use the Northern Way, did not have riparian rights, and did not have the right to place a dock in the water or to moor boats unattended. The default judgment confirmed appellants' prescriptive easement to riparian and water-access rights, thus resolving in appellants' favor the issues for which appellees had sought declaratory relief. The issues raised are not "of public significance," nor do they seem "likely to recur in the future and yet evade judicial review," *id*.

The appeal is dismissed as moot.

/s/ Patrick M. Meter
/s/ Jane M. Beckering

-2-