# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DONALD JAMES KURTH,

Defendant-Appellant.

UNPUBLISHED
March 14, 2017

No. 330204
Delta Circuit Court
LC No. 14-008978-FH

Before: STEPHENS, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right from his conviction of operating while intoxicated, third offense, MCL 257.625(9). We affirm.

Defendant was arrested after being found intoxicated in the parking lot of an apartment building in Gladstone, Michigan. Gladstone Public Safety Sergeant Scott Larson responded to the scene. After conducting an investigation and speaking to witnesses, Larson concluded that defendant had driven a Grand Am to the apartment complex that evening and subjected defendant to a field sobriety test. He stated that when defendant failed the test he placed defendant under arrest. Defendant refused a chemical test, so Larson obtained a search warrant for defendant's blood. The blood test revealed that defendant's blood alcohol level was 0.161 per 100 milliliters of blood. Defendant argues that the trial court violated his due process rights by refusing to suppress the results of this blood test.[1] Specifically, defendant argues that in his affidavit in support of the search warrant Larson knowingly or recklessly included false statements that defendant had driven the Grand Am to the apartment building losing control and striking a mailbox along the way.

---

[1] "We review de novo the [trial] court's ultimate decision on a motion to suppress evidence." *People v Barbarich*, 291 Mich App 468, 471; 807 NW2d 56 (2011). The court's findings of fact underlying that decision are reviewed for clear error, *id.*, which "exists when the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Kurylczyk*, 443 Mich 289, 303; 505 NW2d 528 (1993).

-1-

Generally, the Fourth Amendment's protection against unreasonable searches and seizures requires police officers to obtain a search warrant based on probable cause. *People v Esters*, 417 Mich 34, 49-50; 331 NW2d 211 (1982). "Probable cause is found when the facts and circumstances within an officer's knowledge are sufficient to warrant a reasonable person to believe that an offense had been or is being committed." *People v Chapo*, 283 Mich App 360, 367; 770 NW2d 68 (2009) (citation and quotations omitted). "A defendant has the right to challenge the truthfulness in an affidavit's factual statements . . . ." *People v Waclawski*, 286 Mich App 634, 701; 780 NW2d 321 (2009).

In his investigation, Larson obtained the statement of Matt Lacrosse, who lived at the apartment building. Lacrosse testified that he heard a loud noise while he was inside his apartment and that when he went outside to investigate he saw a green Grand Am parked in his assigned space. Lacrosse observed defendant get out of the driver's side of the Grand Am, which was still running, and get in a fight with an individual from a black SUV that had parked immediately behind the Grand Am. Lacrosse described defendant as slurring his words, stumbling, and "obviously intoxicated." Larson also observed that the driver's side door of the Grand Am was damaged, that the driver's side window was smashed, and that the side view mirror had been broken. Larson testified that as he was taking pictures of the car, defendant walked toward him. Larson noted that defendant was staggering and had glass on his shirt and on the left side of his face, which was cut. That same night, Delta County Sheriff Deputy Adam Flagstadt was dispatched to the scene of a possible accident. When he did not see any vehicle at the scene, Flagstadt followed skid marks to a broken off post from where a mailbox had been. Flagstadt located the mailbox further back in the yard by some hedges. According to Flagstadt, he found pieces of broken plastic on the ground by the skid marks, which he collected. Larson retrieved the plastic from Flagstadt and compared some of the bigger pieces to parts of the broken side mirror of the Grand Am. Larson concluded that the pieces matched.

This evidence was sufficient for a reasonable person to conclude that defendant had driven the Grand Am to the apartment building striking the mailbox along the way. Therefore, defendant has failed to show that false information was inserted into the search warrant affidavit, and the trial court did not err in denying his motion to suppress the results of that search warrant.

Next, defendant argues that the trial court improperly permitted a witness, who viewed a video recorded by a surveillance system to testify to the contents of the recording. Four months after the accident, Larson contacted Mary Dani, the owner of a party store, and asked her to review the store's surveillance footage for the date of the accident. The store was near the scene of the broken mailbox. Dani testified that the store's surveillance equipment records to a DVR system, which deletes older tapes when new recordings are added. She stated that when she viewed the relevant footage, she saw a teal Grand Am hit the mailbox. She observed that the vehicle had only one occupant, a male. She explained that she had called a technician to help her copy the recording but that the recording was gone by the time he arrived. Contrary to the defense argument, her testimony was not speculative as to the contents of the video and the weight of her testimony was subject to vigorous cross examination.

While MRE 1002 states that generally an original recording is required to prove its contents, MRE 1004 allows for the admission of other evidence of the contents of a recording where "[a]ll originals are lost or have been destroyed, unless the proponent lost or destroyed

them in bad faith." Dani's testimony established that the original recording was destroyed by the surveillance system automatically recording over old files, not as a result of any individual actively deleting the footage. Therefore, the trial court did not err in allowing Dani's testimony.[2]

Defendant also argues that the court erred in scoring prior record variable (PRV) 3. We granted defendant's motion to remand for resentencing predicated on this claim,[3] and the trial court rescored the variable consistent with defendant's argument.[4] He was thereafter resentenced.[5] Having already received the relief he was seeking, the issue is moot. See *Swinehart v Secretary of State*, 27 Mich App 318, 320; 183 NW2d 397 (1970) (explaining that the Court does not consider moot questions).

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola

---

[2] Defendant makes no real argument that the video's destruction was the result of bad faith. Rather, defendant suggests that Dani's testimony is inadmissible because Larson may have told her to look for a teal vehicle in her review of the surveillance footage. This argument at most goes to Dani's credibility and would affect the weight not the admissibility of her testimony.

[3] *People v Kurth*, unpublished order of the Court of Appeals, entered June 23, 2016 (Docket No. 330204).

[4] At resentencing the trial court reduced the PRV score from 50 to 25, the very relief defendant requested in his brief on appeal.

[5] The trial court reduced defendant's minimum sentence from 2 years down to 21 months.