*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HIGHFIELD BEACH AT LAKE MICHIGAN,

        Plaintiff-
        Counterdefendant/Appellee,

v

SCOTT E. SANDERSON,

        Defendant-Counterplaintiff-Third-
        Party Plaintiff/Appellant,

and

MARK CODDINGTON, CHRIS BARCZYK,
PAUL SWANSTROM, and BLAKE HARDIN,

        Third-Party Defendants/Appellees.

FOR PUBLICATION
March 24, 2020

Nos. 343968; 345177
Allegan Circuit Court
LC No. 17-057606-CH

Before: GADOLA, P.J., and MARKEY and RONAYNE KRAUSE, JJ.

GADOLA, P.J., and RONAYNE KRAUSE, J. (*concurring*).

We concur with the lead opinion in all respects other than the basis for its conclusion in part II.E that the trial court was authorized to grant attorney fees in favor of HBLM. We concur with the lead opinion's result and with its analysis regarding the amount of the attorney fee award, but we offer an alternative rationale for the award itself. We believe that the question of plaintiff's entitlement to attorney fees involves a rather straightforward application of the relevant provision of the Condominium Act. The lead opinion quotes MCL 559.206(b), to wit:

> In a proceeding arising because of an alleged default by a co-owner, the association of co-owners or the co-owner, if successful, *shall* recover the costs of the proceeding and reasonable attorney fees, as determined by the court, *to the extent the condominium documents expressly so provide*. [Emphasis added.]

In this instance, the condominium documents do "expressly so provide," as follows:

> In any proceeding arising because of an alleged default by any Co-Owner, the Association, if successful, shall recover the costs of the proceeding and reasonable attorney fees . . . as determined by the Court . . . .

The statutory entitlement to attorney fees is stated as an imperative, so long as the condominium documents allow for their recovery. In this case, of course, the quoted portion of the bylaws mirrors the statute in making the recovery of attorney fees non-discretionary, aside from the Court's obligation to determine a reasonable amount of costs and fees. Thus, a straightforward application of the statute and the bylaws provision should lead to the conclusion that plaintiff is entitled to the attorney fees the trial court awarded.

The lead opinion relies upon *Pransky v Falcon Group, Inc*, 311 Mich App 164; 874 NW2d 367 (2015), in reaching the conclusion that plaintiff ideally should have pled a separate contract claim for attorney fees and costs. It bears noting that *Pransky* did not involve an application of the Condominium Act. Instead, in an action rooted in a consulting agreement the court concluded that the prevailing defendant, Falcon Group, was not entitled to an award of attorney fees, despite the fact the contract made them recoverable, because the defendant had not filed a counterclaim for damages under the parties' agreement. The court reached this conclusion specifically because, "the award of attorney fees was not authorized by statute or court rule, but was instead part of a contractual agreement." *Id*. at 195.

Here, of course, the applicable statute appears to entitle plaintiff to an award of attorney fees. Additionally, this case is not, as was *Pransky*, a contract action. Instead, the plaintiff association filed a complaint for declaratory and injunctive relief, and in its prayer for relief sought an order "awarding the Association its costs, attorneys' fees, and expenses incurred in connection with this action . . . ."

It appears to us that this question is controlled by this court's earlier decision in *Windemere Commons I Ass'n v O'Brien*, 269 Mich App 681; 713 NW2d 814 (2006). In that case, applying the same statutory provision at issue here, and what would appear to be an identical bylaws provision, the court reversed the trial court's refusal to award attorney fees to the prevailing condominium association. The court concluded, "plaintiff prevailed in its action against defendants, and therefore, pursuant to MCL 559.206(b) and the association bylaws, it was entitled to costs and reasonable attorney fees." *Id*. at 684. Also instructive is *Cohan v Riverside Park Place Condo Ass'n*, 123 Mich App 743; 333 NW2d 574 (1983). Again relying upon the statute, and a bylaws provision permitting the recovery of attorney fees, this Court held that "the trial court properly awarded costs and attorney fees incurred by [the association] in prosecuting [its] counterclaim for inspection." *Id*. at 751.

Because the Condominium Act and relevant bylaws provision appear to dictate the recovery of attorney fees in this instance, we would affirm the trial court's award on this alternative basis.

/s/ Michael F. Gadola
/s/ Amy Ronayne Krause