WINDEMERE COMMONS I ASSOCIATION v O'BRIEN

Docket No. 264001. Submitted December 27, 2005, at Detroit. Decided
January 10, 2006. Approved for publication February 14, 2006, at
9:05 a.m.

Windemere Commons I Association brought an action in the Ma-
comb Circuit Court against John P. and Joanne H. O'Brien,
seeking a permanent injunction prohibiting the defendants from
displaying any flag other than the American flag on the outside of
their condominium unit and an award of costs and reasonable
attorney fees. The court, Edward A. Servitto, Jr., J., granted
summary disposition and the injunction for Windemere, finding a
violation of the association bylaws, but denied costs and attorney
fees. The plaintiff appealed only the denial of costs and attorney
fees.

The Court of Appeals held:

The circuit court erred in denying, without explanation, costs
and reasonable attorney fees to the plaintiff. MCL 559.206(b)
states that a condominium association, if successful in an action
arising out of the alleged default of a co-owner, shall recover the
costs and reasonable attorney fees associated with the action as
determined by the court to the extent the condominium docu-
ments expressly so provide. The condominium bylaws provide for
an award of costs and reasonable attorney fees to the association if
the association is successful in an action arising out of the alleged
default of a co-owner. The association prevailed in its action, so it
was entitled to costs and reasonable attorney fees, and it has the
burden of proving that the amount requested is reasonable.

Reversed in part and remanded for further proceedings.

COSTS — ATTORNEY FEES — CONDOMINIUM ASSOCIATIONS — CO-OWNER DEFAULTS
— BYLAWS.

A condominium association, if successful in an action arising out of
the alleged default of a co-owner, shall recover the costs and
reasonable attorney fees associated with the action as determined
by the court to the extent the condominium documents expressly
so provide; the association has the burden of proving that the
amount requested is reasonable (MCL 559.206[b]).

*Wegner and Associates, P.C.* (by *Wayne G. Wegner*), for the plaintiff.

Before: O'CONNELL, P.J., and SMOLENSKI and TALBOT, JJ.

PER CURIAM. Plaintiff appeals as of right that portion of the trial court's order denying its request for costs and attorney fees. We reverse that portion of the order and remand for further proceedings. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

Plaintiff is a condominium association made up of co-owners of units at Windemere Commons I condominiums in Macomb Township. Defendants own a condominium in the complex. Plaintiff informed defendants that they were in violation of various sections of the condominium bylaws because they had attached a flag holder to the outside of their unit and had displayed a Marine Corps flag without obtaining prior written permission to do so.

Plaintiff moved for summary disposition pursuant to MCR 2.116(C)(10), seeking a permanent injunction prohibiting defendants from displaying any flag other than the American flag on the outside of their unit. Plaintiff also requested an award of costs and reasonable attorney fees. The trial court granted plaintiff's motion for summary disposition, but declined to award costs and fees. The trial court stated no reason for its decision not to award costs and fees.

The decision to award attorney fees, and the determination of the reasonableness of the fees requested, is within the discretion of the trial court. *Jordan v Transnational Motors, Inc*, 212 Mich App 94, 97; 537 NW2d 471 (1995).

As a general rule, an award of attorney fees as an element of costs or damages is prohibited unless it is expressly authorized by statute or court rule. *Rafferty v Markovitz*, 461 Mich 265, 270; 602 NW2d 367 (1999). MCL 559.206(b) states that a condominium association, if successful in an action arising out of the alleged default of a co-owner, shall recover the costs and reasonable attorney fees associated with the action, "as determined by the court, to the extent the condominium documents expressly so provide." Article XIX, § 2 of plaintiff's condominium bylaws provides for an award of costs and reasonable attorney fees to the association if the association is successful in an action arising out of the alleged default of a co-owner.

The party claiming entitlement to costs and fees has the burden of proving that the amount requested is reasonable. The trial court should consider the following nonexclusive list of factors when assessing the reasonableness of requested attorney fees: (1) the time and effort required, the novelty and difficulty of the issue involved, and the skill needed to perform the service properly; (2) the likelihood that acceptance of the case will preclude other employment for the attorney; (3) the fee customarily charged in the same locality for similar legal services; (4) the amount of money involved and the result obtained; (5) the time limitations imposed by the circumstances of the case or the client; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the attorney performing the service; and (8) whether the fee is fixed or contingent. *In re Condemnation of Private Property for Highway Purposes*, 209 Mich App 336, 340-341; 530 NW2d 183 (1995).

In this case, the trial court denied plaintiff's request for costs and fees, but gave no explanation for its decision to do so. However, plaintiff prevailed in its action against defendants, and therefore, pursuant to MCL 559.206(b) and the association bylaws, it was entitled to costs and reasonable attorney fees. We reverse that portion of the trial court's order denying plaintiff's request for costs and fees, and remand this case for a determination of the costs and fees to which plaintiff is entitled.

Reversed in part and remanded for further proceedings. We do not retain jurisdiction.