# STATE OF MICHIGAN

# COURT OF APPEALS

GREAT LAKES SHORES, INC.,

Plaintiff-Appellant,

v

DENNIS JEVAHIRIAN, Personal Representative
for the Estate of DENNIS DANIEL
JEVAHIRIAN,

Defendant-Appellee.

UNPUBLISHED
November 19, 2015

No. 323076
Sanilac Circuit Court
LC No. 13-035018-CH

Before: JANSEN, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

Plaintiff, Great Lakes Shores, Inc., appeals as of right the trial court order denying plaintiff postjudgment attorney fees and granting defendant Dennis Daniel Jevahirian's[1] motion for installment payments. We reverse and remand for further proceedings.

## I. FACTUAL BACKGROUND

Plaintiff is a nonprofit summer resort owners' corporation. Pursuant to plaintiff's bylaws, its members are required to pay yearly dues and assessments. In March 2013, plaintiff filed a complaint against defendant, alleging "[t]hat over and above all legal set-off, there is due and owing from [defendant] to [p]laintiff in delinquent assessments through March 31, 2013, the sum of $1,395.00." Plaintiff also asserted that it was entitled to all costs incurred in collection, including attorney fees, as set forth in its bylaws. Defendant failed to respond to plaintiff's complaint, and the trial court entered a default judgment against him in June 2013.

According to the judgment, plaintiff is entitled to $1,000 in delinquent assessments and $90 in late fees relating to one group of lots, $245 in delinquent assessments and $60 in late fees relating to another group, $574.40 in costs, and $2,371.25 in attorney fees and expenses incurred

---

[1] Jevahirian passed away on December 26, 2014. His estate, represented by his son, was substituted as defendant in this matter. We will still refer to Dennis Daniel Jevahirian as "defendant" in this opinion.

in collecting on the debt. In addition to the sum of those amounts, i.e., $4,340.65, plaintiff is entitled to "statutory interest from the date of Judgment forward to the date of full satisfaction of this Judgment as well as such additional legal fees and costs referred to in Paragraph 3 hereinbelow." Paragraph 3 of the default judgment provides:

> That Defendant, Dennis D. Jevahirian shall be, and hereby is obligated to pay all additional costs and legal fees that Plaintiff Association reasonably incurs in attempting to collect the indebtedness due and owing it through whatever available legal means, including, without limitation, those costs and legal fees incurred incident to garnishment, attachment, execution, etc.

For several months, defendant failed to comply with the default judgment, and in April 2014, he filed a motion to set it aside, which the trial court denied. Between the entry of the default judgment in June 2013 and the filing of defendant's motion to set aside the judgment, plaintiff's and defendant's counsel communicated extensively and engaged in lengthy, albeit unsuccessful, settlement negotiations.

Citing "dire financial circumstances," defendant filed a motion in July 2014 requesting that the trial court determine "what amounts, if any, [plaintiff] is due beyond the amounts stated in the default judgment totaling $4,340.65" and "enter an order allowing installment payments of the judgment in the amount of $50.00 per month beginning on August 1, 2014." According to plaintiff, its postjudgment attorney fees had increased to $16,830.33 and its postjudgment costs had risen to $988.19 at the time of the hearing on defendant's motion. Over plaintiff's objections, the trial court entered an order denying all postjudgment attorney fees and costs and permitting defendant to make $100 monthly installment payments on the judgment.

## II. POSTJUDGMENT ATTORNEY FEES

Plaintiff first contends that the trial court erred in denying all postjudgment attorney fees. We agree.

### A. STANDARD OF REVIEW

We review for an abuse of discretion a trial court's decisions regarding whether to award attorney fees and whether attorney fees are reasonable. *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). "The trial court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes." *Id*. A trial court's factual findings underlying its award of attorney fees are reviewed for clear error. *Id*. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake was made." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 296; 769 NW2d 234 (2009) (quotation marks and citation omitted). Questions of law underlying the trial court's decision are reviewed de novo. *In re Temple Marital Trust*, 278 Mich App at 128.

### B. ANALYSIS

"The general rule in Michigan is that absent authorization by statute, court rule, or contract, attorney fees are not recoverable." *Id.* at 129. "Contractual provisions for payment of

reasonable attorney fees are judicially enforceable." *Fleet Business Credit v Krapohl Ford Lincoln Mercury Co*, 274 Mich App 584, 589; 735 NW2d 644 (2007) (quotation marks and citation omitted). "The bylaws of a corporation, so long as adopted in conformity with state law, constitute a binding contract between the corporation and its shareholders." *Allied Supermarkets, Inc v Grocer's Dairy Co*, 45 Mich App 310, 315; 206 NW2d 490 (1973), citing *Cole v Southern Mich Fruit Ass'n*, 260 Mich 617, 621-622; 245 NW 534 (1932).

As this Court found in *Great Lakes Shores, Inc v Bartley*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 320913); slip op at 2, a case involving plaintiff and another member of the corporation, it is apparent that defendant qualifies as a "shareholder" of plaintiff. See *Allied Supermarkets*, 45 Mich App at 315. Identical to the provision of the bylaws at issue in *Great Lakes*, ___ Mich App at ____; slip op at 2, plaintiff's bylaws provide for the payment of reasonable attorney fees in enforcing the payment of delinquent dues and assessments:

> All annual dues and/or special assessments levied against any or all members not paid by August 31st each year shall become a lien upon the property of the delinquent member and such delinquencies may be enforced by Court I action. All costs of such action shall be assessed to the member and become part of said lien, including by [sic] not limited to actual attorney fees.

Thus, as in *Great Lakes*, ___ Mich App at ___; slip op at 2-3, plaintiff is entitled under the bylaws to recover reasonable attorney fees incurred in its attempt to recover the delinquent assessments and dues.

Plaintiff's claim for reasonable costs and attorney fees under the bylaws "merged" into the default judgment that was entered in this case, see *Bonkowski v Allstate Ins Co*, 281 Mich App 154, 177; 761 NW2d 784 (2008); see also *Union Guardian Trust Co v Rood*, 308 Mich 168, 172-173; 13 NW2d 248 (1944), but plaintiff is expressly entitled, under the provisions of the default judgment, to recover "*additional* costs and legal fees that [plaintiff] *reasonably* incurs in attempting to" collect on the judgment. (Emphasis added.) Thus, as defendant's counsel recognized during oral argument in the trial court, the reasonableness of the postjudgment attorney fees and costs sought by plaintiff "is where the rub lies" in this matter.

Consistent with the language of the judgment, a "party claiming entitlement to costs and fees has the burden of proving that the amount requested is reasonable." *Windemere Commons I Ass'n v O'Brien*, 269 Mich App 681, 683; 713 NW2d 814 (2006); see also *Reed v Reed*, 265 Mich App 131, 165-166; 693 NW2d 825 (2005). "When requested attorney fees are contested, it is incumbent on the trial court to conduct a hearing to determine what services were actually rendered, and the reasonableness of those services." *Reed*, 265 Mich App at 166; see also *Souden v Souden*, 303 Mich App 406, 414-417; 844 NW2d 151 (2013). Likewise, "[i]f a factual dispute exists over the reasonableness of the hours billed or hourly rate claimed by the fee applicant, the party opposing the fee request is entitled to an evidentiary hearing to challenge the applicant's evidence and to present any countervailing evidence." *Smith v Khouri*, 481 Mich 519, 532; 751 NW2d 472 (2008).

In *Smith*, the Michigan Supreme Court delineated the factors that a trial court should consider in assessing the reasonableness of requested attorney fees:

[A] trial court should begin its analysis by determining the fee customarily charged in the locality for similar legal services, i.e., factor 3 under MRPC 1.5(a). In determining this number, the court should use reliable surveys or other credible evidence of the legal market. This number should be multiplied by the reasonable number of hours expended in the case (factor 1 under MRPC 1.5[a] and factor 2 under *Wood* [*v Detroit Auto Inter-Ins Exch*, 413 Mich 573, 576; 321 NW2d 653 (1982)]. The number produced by this calculation should serve as the starting point for calculating a reasonable attorney fee. . . . Thereafter, the court should consider the remaining *Wood*/MRPC factors to determine whether an up or down adjustment is appropriate. And, in order to aid appellate review, a trial court should briefly discuss its view of the remaining factors. [*Id*. at 530-531; see also *In re Temple Marital Trust*, 278 Mich App at 138.]

The factors set forth under MRPC 1.5(a) are:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

The factors discussed *supra* are not exclusive, and trial courts are permitted to "consider any additional relevant factors." *Smith*, 481 Mich at 530. "Although a trial court is not required to consider every factor in detail, the trial court should endeavor to briefly discuss the above factors in order to aid appellate review . . . ." *Souden*, 303 Mich App at 416 (quotation marks and citation omitted; alteration in original); see also *Smith*, 481 Mich at 529 n 14.

During the hearing on defendant's motion for installment payments and adjudication of additional costs and fees, the trial court interrupted defendant's argument that the fees requested by plaintiff are unreasonable with the following statement: "I'll tell you what the amount is today, it's $4,340.65 plus interests, no attorney fees. So you can go on to your next argument." The court provided no further explanation for its ruling other than later commenting that it

"f[ou]nd this outrageous to go from [$]4,300 to [$]10,000 to $16,000 over a $1,250 assessment."[2]  The trial court did not reference any of the factors discussed *supra* or provide any analysis facilitating appellate review of its decision to deny all attorney fees incurred after the judgment was entered.  See *Smith*, 481 Mich at 529 n 14, 531, 531 n 15 ("To the extent a trial court considers any factor not enumerated in *Wood* or MRPC 1.5(a), the court should expressly indicate this and justify the relevance and use of the new factor."); *Souden*, 303 Mich App at 416.  Additionally, the order entered by the trial court after the hearing provides no further insight regarding the trial court's decision, as it states that additional attorney fees were denied for the reasons stated on the record.

In light of the foregoing, the trial court abused its discretion because it denied plaintiff's request without properly determining the reasonableness of the attorney fees.  *In re Temple Marital Trust*, 278 Mich App at 128.  Accordingly, we reverse the trial court's order denying plaintiff's request for additional attorney fees and remand this case so that the trial court may properly evaluate the reasonableness of the postjudgment attorney fees and costs incurred by plaintiff.  See *Windemere Commons*, 269 Mich App at 684.

## III.  INSTALLMENT PAYMENTS

Plaintiff also argues that the trial court erred in permitting defendant to make monthly installment payments of $100.  In light of our conclusion *supra* that remand is required for the trial court to properly evaluate the reasonableness of the postjudgment attorney fees, and the fact that defendant passed away after the claim of appeal and the parties' briefs were filed in this case, we decline to address this argument on appeal.  On remand, the trial court may determine whether it is necessary to further consider its order of installment payments.

## IV.  CONCLUSION

The trial court failed to properly determine whether the postjudgment attorney fees incurred by plaintiff were reasonable.

We reverse and remand for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Michael J. Riordan

---

[2] To the extent that defendant argues on appeal that, "[i]n actuality, the trial court looked not only to the low monetary value of the case, but also to [p]laintiff's actions in incurring costs and fees unreasonably and unnecessarily," this assertion is simply not supported by the record.