*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DONNA STADLER,

        Plaintiff-Appellant,

v

FONTAINEBLEAU CONDOMINIUMS
ASSOCIATION,

        Defendant-Appellee.

UNPUBLISHED
April 11, 2019

No. 343303
Oakland Circuit Court
LC No. 2017-161653-CZ

Before: LETICA, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendant. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff owns Unit 233 at the Fontainebleau Condominium complex in Waterford Township. Defendant is its owners' association. In June 2016, plaintiff proposed to lease Unit 233 to a tenant, and accordingly submitted a lease application to defendant for its approval. Under defendant's bylaws, an owner must submit a lease application for defendant's approval at least 10 days before entering into a lease agreement with a proposed tenant. Defendant failed to respond to plaintiff's application for 22 days, and, due at least in part to that delay, plaintiff's proposed tenant decided not to rent Unit 233 from plaintiff. Plaintiff then rented the Unit 233 to another tenant without giving defendant advance notice. Defendant subsequently informed plaintiff that it would not approve the tenant's lease and that plaintiff was in violation of defendant's bylaws.

In July 2016, plaintiff filed a complaint in the small claims division of the 51st District Court seeking damages in the amount of $371 plus costs and fees. The complaint alleged that plaintiff lost 12 days of rent due to defendant's failure to timely approve plaintiff's original lease application. Plaintiff and defendant mutually agreed to dismiss that case without costs. Defendant then filed a lien against plaintiff's property for attorney fees under Article XVIII, Section 3 of defendant's bylaws, which provides, in pertinent part:

-1-

In any proceeding arising because of an alleged default by a Co-owner, lessee, tenant, non Co-owner resident and/or guest, the Association, if successful, shall be entitled to recover the costs of the proceeding and such reasonable attorney fees (not limited to statutory fees) as may be determined by the Court, but in no event shall any Co-owner be entitled to recover such attorney fees. The Association, if successful, also shall be entitled to recoup the costs and attorney's fees incurred in defending any claim, counterclaim or other matter asserted against the Association from the Co-owner asserting the claim, counterclaim or other matter . . . .

Plaintiff filed another complaint against defendant in the 51st District Court seeking to void the lien, but the parties later stipulated to dismiss that action as well.

In October 2017, plaintiff filed the complaint in this case, seeking to enjoin defendant from foreclosing on its lien, and seeking a declaration that the lien was invalid.[1] Plaintiff moved for summary disposition, contending that Article XVIII, Section 3 of defendant's bylaws was unenforceable because it conflicted with the provisions governing the recovery of attorney fees in the Michigan Condominium Act, MCL 559.101 *et seq.* See MCL 559.206(b) and 559.207. The trial court, however, granted summary disposition in favor of defendant under MCR 2.116(I)(2), holding that the Condominium Act did not conflict with defendant's bylaws. The trial court subsequently denied plaintiff's motion for reconsideration.

This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition, including decisions under MCR 2.116(I)(2). *Ingham Co v Mich Co Rd Comm Self-Ins Pool*, 321 Mich App 574, 579-580; 909 NW2d 533 (2017), remanded for consideration of other grounds ___ Mich ___; 920 NW2d 135 (2018). "The trial court appropriately grants summary disposition to the opposing party under MCR 2.116(I)(2) when it appears to the court that the opposing party, rather than the moving party, is entitled to judgment as a matter of law." *Rossow v Brentwood Farms Dev, Inc*, 251 Mich App 652, 658; 651 NW2d 458 (2002). Issues involving statutory and contract interpretation, including interpretation of a condominium association's bylaws, present issues of law that this Court reviews de novo. *Tuscany Grove Ass'n v Peraino*, 311 Mich App 389, 393; 875 NW2d 234 (2015).

## III. ANALYSIS

Plaintiff contends that the trial court erred by granting summary disposition in favor of defendant, because the bylaw provision allowing defendant to recoup attorney fees incurred

---

[1] After plaintiff filed her complaint in this action, defendant filed a second lien against plaintiff's property for $21,430.61 in unpaid assessments, attorney fees, and other fees.

while defending a claim by plaintiff is inconsistent with the Condominium Act, thereby rendering the bylaw provision unenforceable. We disagree.

An entity's bylaws are a contractual agreement between the entity and its members. *Conlin v Upton*, 313 Mich App 243, 255; 881 NW2d 511 (2015). Condominium association bylaws constitute a binding contractual agreement between the governing entity and its members to the extent that the bylaws do not conflict with or are "not inconsistent" with state law. *Id*. at 254-255; see also MCL 559.156(a) (stating that bylaws may contain provisions appropriate for administering the condominium association that are "not inconsistent with this act or any other applicable laws."). This Court has described general principles for interpreting or examining bylaws in relation to condominium governance:

> Pursuant to the Condominium Act, the administration of a condominium project is governed by the condominium bylaws. Bylaws are attached to the master deed and, along with the other condominium documents, the bylaws dictate the rights and obligations of a co-owner [sic] in the condominium. Condominium bylaws are interpreted according to the rules governing the interpretation of a contract. Accordingly, this Court begins by examining the language of the bylaws. Words are interpreted according to their plain and ordinary meaning. Further, this Court avoids interpretations that would render any part of the document surplusage or nugatory, and instead this Court gives effect to every word, phrase, and clause. Ultimately, we enforce clear and unambiguous language as written. [*Tuscany Grove*, 311 Mich App at 393 (citations omitted).]

In interpreting contractual agreements, this Court assumes that contracting parties want their contract to be valid and enforceable. *Corwin v DaimlerChrysler Ins Co*, 296 Mich App 242, 257; 819 NW2d 68 (2012). Consequently, this Court is "obligated to construe contracts that are potentially in conflict with a statute, and thus void as against public policy, where reasonably possible, to harmonize them with the statute." *Cruz v State Farm Mut Auto Ins Co*, 466 Mich 588, 599; 648 NW2d 591 (2002).

"Generally, attorney fees are not recoverable as an element of costs or damages unless expressly allowed by statute, court rule, common-law exception, or contract." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 297; 769 NW2d 234 (2009). Under MCL 559.206(b), in an action arising from an alleged default by a condominium owner, a successful owners' association "shall recover the costs and reasonable attorney fees associated with the action, 'as determined by the court, to the extent the condominium documents expressly so provide.' " *Windemere Commons I Ass'n v O'Brien*, 269 Mich App 681, 683; 713 NW2d 814 (2006), quoting MCL 559.206(b). A successful association or owner may also recover attorney fees, "to the extent that the condominium documents expressly so provide[]" in an action by an owner against the association to compel enforcement of the bylaws's terms. MCL 559.207.

Plaintiff argues that, because the article of defendant's bylaws at issue in this case allows for the recovery of attorney fees in situations other than those contemplated by MCL 559.206(b) and 559.207, they are in conflict with the Condominium Act. We disagree. The bylaws state, in

pertinent part, that "[t]he Association, if successful, also shall be entitled to recoup the costs and attorney fees incurred in defending any claim, counterclaim or other matter asserted against the Association from the [co-owner] asserting the claim, counterclaim or other matter[.]" Article XVIII, Section 3 of defendant's bylaws thus allows for the recovery of attorney fees by defendant when it successfully defends itself from any claim asserted by any owner, and therefore allows for a broader recovery of attorney fees by defendant than does MCL 559.206(b) and MCL 559.207.

Article XVIII, Section 3 does not conflict with or contradict either of the cited statutory provisions; rather, it merely provides for the recovery of attorney fees by defendant in additional circumstances. Bylaws are enforceable as long as they are "not inconsistent" with the law. MCL 559.156(a); *Conlin*, 313 Mich App at 254-255; see also *Tuscany Grove*, 311 Mich App at 389-399 (holding that bylaws that impose greater restrictions on owners than those contemplated in the Condominium Act are valid and enforceable). There is no provision in the Condominium Act that restricts an association's recovery of attorney fees to the situations described in the act. We conclude that Article XVIII, Section 3 of defendant's bylaws is enforceable and may be "harmonized" with MCL 559.206(b) and MCL 559.207. *Cruz*, 466 Mich at 599. Therefore, defendant may recover attorney fees under the bylaws if it meets the contractual requirements set forth in the bylaws.

Plaintiff also argues that the trial court erred by failing to address the provision in the bylaws that requires defendant to be a "successful party" in order to recover attorney fees and by failing to hold that defendant was not a successful party. We disagree.

"The doctrine of ripeness is designed to prevent the adjudication of hypothetical or contingent claims before an actual injury has been sustained. A claim is not ripe if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Huntington Woods v Detroit*, 279 Mich App 603, 615-616; 761 NW2d 127 (2008) (quotation marks omitted). "The existence of an actual controversy is a condition precedent to invocation of declaratory relief and this requirement prevents a court from deciding hypothetical issues." *Detroit v Michigan*, 262 Mich App 542, 551; 686 NW2d 514 (2004).

Plaintiff's complaint was for injunctive and declaratory relief only, and related only to whether the lien on her property for attorney fees was unenforceable as a matter of law. While the trial court ruled in favor of defendant on that issue, it was not presented with the issue that plaintiff now contends it should have decided. Plaintiff did not seek in this action a determination that defendant was not a "successful party" under the bylaws. And defendant did not seek in this action an award of attorney fees or attempt to foreclose on the lien. In other words, the issue of whether defendant meets the contractual prerequisites for an award of attorney fees, or of the specific amount of attorney fees, was not presented to the trial court and is therefore not yet ripe for appellate review. Plaintiff's claim is a "hypothetical or contingent" claim that occurred before plaintiff sustained "an actual injury" in the form of a factual determination by the trial court regarding whether defendant is entitled to attorney fees. *Huntington Woods*, 279 Mich App at 615. Plaintiff may raise the issue of whether defendant was a "successful party" in an action by defendant to recover attorney fees, or, if relevant, as a defense to an action to foreclose on the liens at issue. Because it is possible that a trial court may conclude that defendant was not a successful party as required by the bylaws, plaintiff's concerns

-4-

"may not occur as anticipated, or indeed may not occur at all." *Id*. at 615-616. The claim is therefore not ripe.

Affirmed. As the prevailing party, defendant may tax costs. MCR 7.219(A).

/s/ Anica Letica
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra