*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* CONTEMPT OF MARLENA PAVLOS-HACKNEY.

---

DEPARTMENT OF AGRICULTURE AND
RURAL DEVELOPMENT,

      Plaintiff-Appellee,

v

ZANTE, INC., doing business as MARLENA'S
BISTRO & PIZZERIA,

      Defendant-Appellant,

and

MARLENA PAVLOS-HACKNEY,

      Appellant.

UNPUBLISHED
October 06, 2025
8:31 AM

No. 370227
Ingham Circuit Court
LC No. 21-000113-CZ

---

Before: WALLACE, P.J., and RIORDAN and REDFORD, JJ.

PER CURIAM.

During the COVID-19 pandemic, the Michigan Department of Agriculture and Rural Development (MDARD) suspended the food license for Marlena's Bistro and Pizzeria restaurant (Marlena's). Appellant Marlena Pavlos-Hackney, the owner of Marlena's, chose to keep the restaurant open despite the license suspension, which led to MDARD initiating the present action and multiple Ingham Circuit Court orders that Pavlos-Hackney publicly defied. This culminated with the circuit court entering two contempt orders against Pavlos-Hackney in which she was jailed and fined twice. This Court affirmed the contempt judgments but remanded to the circuit court for the sole purpose of refashioning the second contempt fine to be civil in nature as applied under the circumstances. *In re Contempt of Pavlos-Hackney*, 343 Mich App 642, 678-679; 997 NW2d 511 (2022). Appellants appeal as of right the circuit court's order on remand denying their motion

-1-

for reconsideration and granting MDARD's request for clarification of the circuit court's prior order granting costs to MDARD. We affirm.[1]

## I. FACTS AND PROCEDURAL HISTORY

In addition to *Contempt of Pavlos-Hackney*, these parties have come before us in another appeal. See *Dep't of Agriculture & Rural Development v Zante, Inc*, 348 Mich App 293, 296; 18 NW3d 62 (2023). For purposes of the present appeal, the facts are not in dispute, and we rely on the factual background set forth in *Zante*:

> In November 2020, the director of the Michigan Department of Health and Human Services (MDHHS) issued an order under the authority granted by MCL 333.2253 of the Public Health Code, MCL 333.1101 *et seq.*, prohibiting indoor dining. The Food Law of 2000, MCL 289.1101 *et seq.*, mandates that restaurants maintain a valid food license to operate, MCL 289.4101, and empowers local health departments to inspect restaurants for compliance with public health rules and regulations, MCL 289.3105. MDARD administers the Food Law.

> Pavlos-Hackney disagreed with the MDHHS order prohibiting indoor dining and purposefully flouted it. In December 2020, the Allegan County Health Department warned Pavlos-Hackney that her restaurant was not in compliance with the MDHHS order, but Pavlos-Hackney disregarded the warning. Later that month MDARD ordered Marlena's to close. Pavlos-Hackney ignored this order, and the restaurant remained open. In January 2021, MDARD summarily suspended the food license for Marlena's Bistro and Pizzeria under the authority of MCL 289.4125(4) of the Food Law. After a hearing, an administrative law judge continued the suspension in a February 2021 order. Pavlos-Hackney did not appeal that order. MDARD filed this injunctive action two weeks later seeking to prevent Pavlos-Hackney from operating her restaurant without a license.

> The circuit court issued a TRO shutting down the restaurant, and Pavlos-Hackney was personally served with the order. Pavlos-Hackney violated the TRO, keeping the restaurant open. MDARD sought a contempt sanction and requested conversion of the TRO into a preliminary injunction. The court held Pavlos-Hackney in contempt, ordered her to pay $7,500, and issued a preliminary injunction. The court's order specifically warned Pavlos-Hackney that if she continued to operate the restaurant without a license, she would be arrested and incarcerated to compel her compliance. Pavlos-Hackney scorned that order, too,

---

[1] As explained *infra*, the merits of the contempt judgments are not before us in this appeal because previous panels of this Court have already decided that question. Thus, to the extent that appellants' brief on appeal suggests that the state engaged in selective or politically based enforcement of COVID-19 regulations because, for example, the restaurant at which the Governor was photographed violating these regulations in May 2021 "was never cited or prosecuted, though their violation was broadcast nationwide," we do not address that argument in our opinion today.

and was arrested. The court responded with a second contempt judgment, a second fine of $7,500, and a permanent injunction. A few days later, Pavlos-Hackney paid the $15,000 and was released from jail.

Pavlos-Hackney moved for relief from judgment in the circuit court, seeking to set aside the contempt judgments and requesting a refund of the $15,000 plus an award of costs, fees, and compensatory damages. The circuit court denied the motion but permitted Pavlos-Hackney to request a hearing that would allow her to address her ability to pay. Instead, Pavlos-Hackney filed an appeal in this Court [i.e., *Contempt of Pavlos-Hackney*], which affirmed the contempt judgments but remanded to the circuit court with instructions regarding refashioning the second fine "to be civil in nature." [*Zante*, 348 Mich App at 296-298 (citation and footnote omitted).]

In that first appeal, we remanded to the circuit court to further address the second $7,500 fine because we determined that "it is not clear what condition the contemnors failed to satisfy, and the trial court did not direct any portion of the fine to be paid to MDARD," which meant "the ultimate effect of the second fine is more criminal than civil in nature, even if that was not the trial court's intent." *Contempt of Pavlos-Hackney*, 343 Mich App at 678. We gave the circuit court three options from which to choose on remand: "(1) determine whether MDARD is entitled to reimbursement; (2) determine whether the contemnors sufficiently complied with the trial court's orders to be returned the second fine, in whole or in part; or (3) some combination of (1) and (2)." *Id*. If the circuit court chose the first option, this would "require a factual determination of MDARD's expenditures as part of these enforcement proceedings." *Id*. at 678-679.

On remand, the circuit court entered an order refashioning the second contempt fine to compensate MDARD for Pavlos-Hackney's contempt. The circuit court highlighted Pavlos-Hackney's defiance of court orders and found that this caused MDARD, the Allegan County Health Department, and the Michigan State Police to expend money and resources. Citing MCL 600.1701(g) and MCL 600.1721,[2] the circuit court ordered MDARD to provide a bill of costs for its expenditures so that the court could properly distribute the second contempt fine to MDARD. Appellants moved for reconsideration, arguing in pertinent part that the contempt orders were based on unconstitutional executive orders (EOs) and other unconstitutional administrative orders and that, without a lawful order to disobey, no costs could be assessed under MCL 600.1701(g). The circuit court denied the motion. It rejected appellants' constitutional arguments because of the limited nature of this Court's remand order. The circuit court reasoned that it was not called upon to adjudicate the constitutionality of any EOs related to COVID-19. Moreover, the circuit court reasoned that the second contempt order related to operating a restaurant without a food license and not to any COVID-19 mandate, which brought the case under MCL 600.1701(g).

MDARD subsequently submitted a bill of costs totaling $9,795.60, which included $8,580.95 for attorney fees, $1,071.61 for the costs of MDARD, and $143.04 for the costs of the

---

[2] MCL 600.1701(g) allows courts to punish parties for disobeying a lawful order. MCL 600.1721 requires courts to reimburse parties for the misconduct of other parties.

Michigan State Police. The circuit court found that such costs were reasonable and assessed such costs to MDARD. The circuit court ordered appellants to pay these costs within 14 days of the court's order. Appellants again moved for reconsideration, reiterating their argument that the basis for the contempt orders was unconstitutional. Appellants contended that MCL 333.2253 was declared by this Court to be unconstitutional and that any new contempt orders could not be based on this statute.[3] According to appellants, the refashioned contempt penalty on remand was invalid because it was entered after this Court held that MCL 333.2253 was unconstitutional, thereby depriving the circuit court of subject-matter jurisdiction. The implication from appellants' position was that the assessment of costs was premised on the unconstitutional statute. Appellants also reiterated their prior argument that without a lawful order, costs could not be assessed under MCL 600.1701(g). Moreover, given that this Court had recognized the unconstitutionality of MCL 333.2253 in *Zante*, appellants maintained that the law of the case from *Zante* applied and precluded the circuit court's order on remand.

MDARD in turn moved for clarification of the circuit court's assessment of costs. It appeared that the circuit court had ordered appellants to pay the $9,795.60 in full, but MDARD believed its compensation would be limited to $7,500, which was the amount of the second contempt fine and was already paid in full on March 22, 2021. MDARD accordingly sought clarification on this point. The circuit court denied appellants' motion for reconsideration and granted MDARD's motion for clarification. Regarding appellants' constitutional and subject-matter jurisdiction arguments, the circuit court determined that it need not consider these arguments because they were irrelevant to the remand proceedings, had already been rejected in the prior motion for reconsideration, and had similarly been rejected in *Zante*. Regarding MDARD's request for clarification, the circuit court amended its prior order to reflect that MDARD should only be compensated by the $7,500 that was already paid by appellants. Appellants now appeal, raising many of the same constitutional arguments as in the circuit court.

## II. ANALYSIS

### A. STANDARD OF REVIEW

"The decision to award attorney fees as compensation for losses incurred because of the contempt and the determination of the reasonable amount of the fees are reviewed for an abuse of discretion." *In re Contempt of Henry*, 282 Mich App 656, 685; 765 NW2d 44 (2009). An abuse of discretion occurs when the decision is outside the range of principled outcomes. *Id*. "A trial

---

[3] After our Supreme Court held that certain EOs related to the COVID-19 pandemic were invalid and that the Emergency Powers of the Governor Act was unconstitutional, see *In re Certified Questions From United States Dist Court*, 506 Mich 332, 337-338; 958 NW2d 1 (2020), the Governor through DHHS continued to issue orders under MCL 333.2253 that essentially mirrored the prior EOs, *T & V Assoc, Inc v Dir of Health & Human Servs*, 347 Mich App 486, 491; 15 NW3d 313 (2023) (*T & V Assoc I*), rev'd and vacated in part ___ Mich ___; 12 NW3d 594 (2024). This Court held that MCL 333.2253 was an unconstitutional delegation of legislative authority, *id*. at 514-515, but our Supreme Court vacated that holding, *T & V Assoc, Inc v Dir of Dep't of Health & Human Servs*, ___ Mich ___, ___; 12 NW3d 594 (2024); slip op at 1 (*T & V Assoc II*).

court necessarily abuses its discretion when it makes an error of law." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016). This Court reviews the circuit court's findings of fact for clear error, *Contempt of Henry*, 282 Mich App at 685, which occurs when this Court is "left with a definite and firm conviction that a mistake has been made," *Elahham v Al-Jabban*, 319 Mich App 112, 120-121; 899 NW2d 768 (2017) (quotation marks and citation omitted). "To the extent that this Court must examine questions of law related to the trial court's contempt decision, our review is de novo." *In re Moroun*, 295 Mich App 312, 336; 814 NW2d 319 (2012). "The decision to award attorney fees, and the determination of the reasonableness of the fees requested, is within the discretion of the trial court." *Windemere Commons I Ass'n v O'Brien*, 269 Mich App 681, 682; 713 NW2d 814 (2006).

This Court reviews de novo the interpretation of statutes, *McQueer v Perfect Fence Co*, 502 Mich 276, 285-286; 917 NW2d 584 (2018), constitutional questions, *Bailey v Antrim Co*, 341 Mich App 411, 420; 990 NW2d 372 (2022), and determinations on subject-matter jurisdiction when the facts are uncontested, *Zelasko v Charter Twp of Bloomfield*, 347 Mich App 141, 155; 14 NW3d 441 (2023).

## B. DISCUSSION

Appellants argue that the that the invalidation of MCL 333.2253 deprived the circuit court of subject-matter jurisdiction and prohibited it from entering the refashioned contempt penalty on remand. For the reasons discussed below, we disagree.

"Generally, subject-matter jurisdiction is defined as a court's power to hear and determine a cause or matter," not the specific case before it. *O'Connell v Dir of Elections*, 316 Mich App 91, 100; 891 NW2d 240 (2016) (quotation marks and citation omitted). Subject-matter jurisdiction cannot be waived, and courts are required to hear challenges to subject-matter jurisdiction "regardless of when they are raised, or even raise such challenges sua sponte." *Id*. If a circuit court enters a contempt order premised on a statute that is declared unconstitutional before the contempt order is entered, the circuit court lacks subject-matter jurisdiction, and its order is void from the outset. See *Johnson v White*, 261 Mich App 332, 349-350; 682 NW2d 505 (2004).

Here, this Court remanded to the circuit court for a limited purpose: to determine whether MDARD was entitled to compensation for Pavlos-Hackney's contempt. *Contempt of Pavlos-Hackney*, 343 Mich App at 678-679. This Court did not remand for the circuit court to address any of the merits, including the constitutionality, of Pavlos-Hackney's contempt. Therefore, as the circuit court properly determined, appellants' attempts to relitigate such issues were improper, and such issues are similarly improperly raised in this appeal. In this regard, this Court has already addressed and rejected appellants' constitutional arguments and its conclusions are the law of this case. In *Zante*, 348 Mich App at 298, this Court held that such constitutional arguments were "irrelevant" because Pavlos-Hackney failed to appeal the administrative law judge's decision that upheld the suspension of the food license. "The longstanding rule is that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy." *Id*. at 301 (cleaned up). See also *Contempt of Pavlos-Hackney*, 343 Mich App at 648. Additionally, "[a] person may not disregard a court order simply on the basis of his subjective view that the order is wrong or will be declared

invalid on appeal." *Zante*, 348 Mich App at 301 (quotation marks and citations omitted). Instead, "the general principle [is] that a party is required to obey court orders regardless of their validity." *Id*. at 303. Appellants once again rely on *Johnson*, but this Court already addressed and rejected appellants' application of *Johnson*. See *Zante*, 348 Mich App at 302-304. Appellants have continuously sought to litigate the merits of the contempt orders, i.e., the food license suspension, but such matters were outside the circuit court proceedings and are similarly outside the appeals to this Court. See *Rott v Rott*, 508 Mich 274, 286; 972 NW2d 789 (2021) (explaining that under the law-of-the-case doctrine, "if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same") (quotation marks and citations omitted).

Appellants contend that our decision in *T & V Assoc, Inc v Dir of Dep't of Health & Human Servs*, 347 Mich App 486, 491; 15 NW3d 313 (2023) (*T & V Assoc I*), which invalidated MCL 333.2253, applies to the circuit court's order on remand because the order was entered after *T & V Assoc I*. However, after appellants initiated this appeal, our Supreme Court reversed and vacated *T & V Assoc I* because the constitutionality of MCL 333.2253 was moot. *T & V Assoc, Inc v Dir of Dep't of Health & Human Servs*, ___ Mich ___, ___; 12 NW3d 594 (2024); slip op at 1 (*T & V Assoc II*). Specifically, the Court reversed *T & V Assoc I*'s holding that the constitutional issue was not moot, and vacated the *T & V Assoc I* merits holding that MCL 333.2253 was unconstitutional. *Id*. Accordingly, because *T & V Assoc I*'s holding regarding the constitutionality of MCL 333.2253 was vacated, it is no longer in effect. Therefore, in light of *T & V Assoc II*, appellants' legal foundation no longer is tenable. Appellants also misunderstand the nature of the remand proceedings. The circuit court did not enter a new contempt order. Rather, it refashioned an existing contempt order, namely the second contempt order entered in March 2021, in accordance with this Court's instructions. See *Zante*, 348 Mich App at 678-679. The circuit court was not deprived of subject-matter jurisdiction.[4]

Finally, appellants argue that MDARD did not suffer any "actual loss or injury," thereby preventing application of MCL 600.1721. We disagree.

MCL 600.1721 provides that

[i]f the alleged misconduct has caused *an actual loss* or injury to *any person* the court shall order the defendant to pay such person a sufficient sum to indemnify him, in addition to the other penalties which are imposed upon the defendant. The payment and acceptance of this sum is an absolute bar to any action by the aggrieved party to recover damages for the loss or injury. [Emphasis added.]

In other words, this provision "requires a showing of contemptuous misconduct that caused the person seeking indemnification to suffer a loss or injury and, if these elements are established, requires the court to order the contemnor to pay 'a sufficient sum to indemnify' the person for the

---

[4] Appellants contend that without a lawful order, the circuit court could not assess costs under MCL 600.1701(g). However, this is merely an extension of their constitutional arguments.

loss." *In re Bradley Estate*, 494 Mich 367, 391; 835 NW2d 545 (2013). This provision applies to both criminal and civil cases, and it also allows for the recovery of attorney fees. See *Contempt of Henry*, 282 Mich App at 684-686.

Appellants argue that MDARD did not suffer any actual loss because MDARD was represented by the office of the Attorney General, whose staff are paid salaries by taxpayers. However, the plain language of MCL 600.1721 does not limit its application to whether the party seeking indemnification is a state administrative agency represented by the office of Attorney General. The provision simply mandates that the circuit court must indemnify a party for the contempt of the other party if that contempt caused actual loss or injury. See MCL 600.1721. There are no other limitations besides contemptuous conduct causing actual loss or injury. See *Bradley Estate*, 494 Mich at 391.

In fact, the provision has been applied to governmental entities. See, e.g., *In re Contempt of McRipley*, 204 Mich App 298, 301-302; 514 NW2d 219 (1994) (applying MCL 600.1721 for costs that the county sustained). This comports with the meaning of "person," which is left undefined by MCL 600.1721. A "person" includes public bodies in addition to individuals. See MCL 8.3*l*. As a public body, MDARD and the office of the Attorney General were covered by MCL 600.1721. MDARD produced evidence of its actual costs incurred as a result of appellants' contemptuous conduct, and appellants have never challenged such evidence. Accordingly, there was evidence that Pavlos-Hackney's contemptuous misconduct caused MDARD to suffer an actual loss, thereby requiring the circuit court to order appellants to reimburse MDARD for those losses pursuant to MCL 600.1721. Appellants have failed to demonstrate any abuse of discretion or erroneous interpretation of statutory law.

## III. CONCLUSION

The circuit court correctly followed our remand instructions, and appellants have not shown error. Therefore, we affirm.

/s/ Randy J. Wallace
/s/ Michael J. Riordan
/s/ James Robert Redford

-7-