STERN *v.* STERN.

PLAINTIFF'S APPEAL.

1. DIVORCE—NOTICE—WAIVER—CUSTODY OF CHILDREN.
   A petition to waive technical requirement in decree of divorce that defendant husband give wife notice as to whether he would take custody of their son for month of July or August, 1949, does not constitute a request for an order modifying the decree.

2. SAME—CUSTODY OF CHILD—MOOT QUESTION—NOTICE.
   Question as to whether husband was to get custody of son of parties to suit for divorce during month of July or August,

REFERENCES FOR POINTS IN HEADNOTES
[2, 3] 3 Am Jur, Appeal and Error, § 824; 14 Am Jur, Courts, § 49.

1949, became moot where latter month had passed before a final determination was made on his petition to waive technical requirement of notice as required by decree.

3. Appeal and Error—Moot Questions—Questions Reviewable. The Supreme Court declines to review moot questions as to do so would be a purposeless proceeding.

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted April 5, 1950. (Docket No. 12, Calendar No. 44,674.) Decided May 18, 1950.

Divorce proceedings by Betty S. Stern against Philip S. Stern. On petition of defendant to waive technical requirement of notice and require plaintiff to arrange to have son visit defendant. Order for defendant. Plaintiff appeals. Appeal dismissed as involving moot question.

*Harry N. Grossman,* for plaintiff.

*Weiner & Grayson,* for defendant.

Sharpe, J. This is an appeal from an order of the circuit court of Wayne county waiving the technical requirement of notice to plaintiff, Betty S. Stern, from defendant, Philip S. Stern, by June 1, 1949, notice having been given on June 14, 1949, and directing that plaintiff immediately permit and arrange for defendant's son, Milford Lee Stern, to come to Detroit to visit defendant for the balance of the month of August, 1949, and to remain until September 8, 1949.

The record shows that a final decree of divorce was entered August 14, 1945, by Judge Guy A. Miller in which he approved an agreement determining property rights and the custody of the minor child of the parties. The provision of the agreement which caused the dispute in this case reads:

"The husband shall have the right to require that the child spend with him either July or August of each year. The husband shall notify the wife in writing on or before June 1st of each year as to which of said months he may desire said child to spend with him."

Prior to June 1, 1949, defendant informed plaintiff, who is a resident of the State of California, that he would not take the child during the month of July or August, 1949, owing to his financial condition. Subsequently, he borrowed funds and on June 14, 1949, wrote plaintiff that circumstances had changed and that he was desirous of having his son visit him during the month of August, 1949.

On July 9, 1949, defendant received a letter from plaintiff that she would not send their son to visit him in August as she had made arrangements for the boy to go camping for a month beginning June 28, 1949. Defendant then enlisted the aid of the Friend of the Court who sent a telegram on July 29, 1949, to plaintiff recommending that she send the son to his father for the month of August.

Failing to get a favorable response from the above telegram, on August 4, 1949, defendant filed a petition in the circuit court of Wayne county in which he prayed that an order be entered waiving the technical requirement of notice on June 1st and ratifying the notice of June 14, 1949, as being sufficient, and requiring plaintiff to send petitioner's son to visit him for the balance of the month of August and until such time in September as the court might order. The cause came on to be heard on August 12th before Judge Neuenfelt at which time plaintiff's counsel filed an affidavit of plaintiff in which it was stated that she had made arrangements to take her vacation with the boy during the month of August.

The trial judge, after hearing arguments of counsel, entered an order as prayed for in defendant's

petition. On the same day a copy of the order was sent to plaintiff. On August 15th, she filed a claim of appeal. A stay of proceedings was entered by Judge Murphy on August 19, 1949.

Upon appeal, plaintiff urges that defendant's petition to "waive technical requirement of notice" should have been referred to the Friend of the Court before an order was entered granting such petition; that the order amended the decree without a showing of change of circumstances; and that Judge Neuenfelt lacked jurisdiction to amend the decree entered by Judge Miller without a showing that Judge Miller or his alternate was not present or could not hear the same.

We note that when the petition was heard, plaintiff was represented by counsel and no challenge to the jurisdiction of the court was raised at that time. It is now raised for the first time upon appeal. We also note that the petition filed by defendant only related to the giving of notice relative to visitation of the child for the balance of the month of August and for a few days in September, 1949. We do not find that the petition asked for or the order entered was an amendment to the divorce decree. We are also aware that by filing the claim of appeal on August 15th the purpose of preventing defendant from having the child during either the month of August or September, 1949, was accomplished. This was the only issue involved and it has now become moot.

"To review a moot question would be a purposeless proceeding. We have repeatedly refused to hear such matters." *McCarthy* v. *Wayne Circuit Judge,* 294 Mich 368.

For the reasons stated the appeal is dismissed, with costs to defendant.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUT-ZEL, CARR, and BUSHNELL, JJ., concurred.