*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TABETHA ARGEL, also known as TABETHA
CORDELL,

UNPUBLISHED
August 15, 2024

Plaintiff/Counterdefendant-Appellee,

v

No. 368398
Jackson Circuit Court
LC No. 16-001097-DM

GEORGE ELLIOTT ARGEL,

Defendant/Counterplaintiff-Appellant.

Before: REDFORD, P.J., and GADOLA, C.J., and RIORDAN, J.

PER CURIAM.

In this custody dispute, defendant, George Argel, appeals by right the trial court's order denying his motion to change the custody of the parties' minor daughter, AA. The trial court also effectively denied defendant's request to allow AA to attend school in Texas, which is where defendant resides. On appeal, defendant argues that the trial court clearly erred in relation to its findings on custody and schooling following an evidentiary hearing. He additionally contends that the trial court erred when it adopted the child support calculations made by the Friend of the Court (FOC) and when it awarded attorney fees to plaintiff. We hold that defendant's claims of error with respect to the trial court's decision to deny his custody and school-change requests have been rendered moot or were waived given entry of a stipulated custody order after this appeal was filed. Additionally, we conclude that we do not have jurisdiction to consider defendant's claim of error involving the trial court's decision to adopt the FOC's child support calculations. Moreover, the child support issue was, for the most part, rendered moot and waived in light of a stipulated support order that was entered after this appeal was filed. Finally, we do agree with defendant that the trial

court abused its discretion and otherwise erred when it ordered defendant to pay plaintiff's attorney fees under MCR 3.206(D). In sum, we dismiss and affirm in part and vacate in part.[1]

## I. BASIC FACTS

This is defendant's sixth appeal in this Court. For brevity's sake, we decline to restate the lengthy procedural history of this case.[2] Instead, we address only those facts relevant to this appeal.

Throughout this case, defendant has repeatedly sought to expand his parenting time with AA in Texas. In February 2023, defendant asked the trial court to change the conditions of his parenting time to the extent that some of his parenting time had to be exercised in Michigan. He also requested a change of AA's domicile from Michigan to Texas so that she could attend school there. Plaintiff opposed the motion and argued that defendant was using the legal system to harass her.

The trial court entered an order denying defendant's motion to change parenting time, domicile, and schools in April 2023. The court determined that defendant had only presented evidence of normal life changes in support of his motion. The trial court explained that the factors that defendant felt warranted a change—the birth of his new child and increased work responsibilities—were not life changes that affected AA, but rather were changes that affected defendant himself. The trial court also noted that the requested changes would result in more travel time for AA. Given the cited evidence, the court determined that defendant had not identified a basis for holding an evidentiary hearing on his motion even under the lower threshold for making parenting-time changes.

In June 2023, defendant moved to change AA's custody. Defendant argued that plaintiff abruptly left her current husband and moved her children, including AA, into her parents' home. He alleged that plaintiff had withheld the children that she had with her current husband without cause and that the husband had since filed for divorce. According to defendant, there was also a fire at plaintiff's parents' home, which required plaintiff to move into a hotel for the time being. Defendant maintained that plaintiff's actions directed at her current husband and AA's half siblings amounted to psychological abuse. He argued that the described events were not normal life changes and that they warranted revisiting custody. Defendant asked the trial court to hold an evidentiary hearing, award him physical custody of the child, and change AA's domicile so that she could attend school in Texas.

Plaintiff responded and denied that AA had experienced any trauma. She agreed that she had moved out of the marital home and accused defendant of colluding with her current husband.

---

[1] To the extent that we reject defendant's appeal on the basis of mootness or lack of jurisdiction, dismissal rather than affirmance is the appropriate holding. See *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998) (an appeal should be dismissed when moot).

[2] For a detailed recitation of the facts, see *Argel v Argel*, unpublished per curiam opinion of the Court of Appeals, issued January 27, 2022 (Docket No. 357494).

She also agreed that there had been a fire in the garage of her new home with her parents, but she stated that it was quickly put out and that the insurance company asked the family to temporarily move out to allow for smoke remediation. She denied that the events warranted an evidentiary hearing, as they did not amount to proper cause or a change of circumstances.

The trial court held an initial hearing on defendant's motion to change custody in July 2023. After hearing the parties' arguments, the trial court determined that defendant's allegations that the stability of AA's home life had been adversely affected by recent events implicated multiple best-interest factors. The trial court stated that its only hesitation arose from the fact that defendant had repeatedly tried to change custody. Nevertheless, the trial court reluctantly granted the motion for an evidentiary hearing. The court indicated that it would hear the motion directly rather than assigning it to a referee.

The FOC conducted a child support review in June 2023. The caseworker noted that defendant did not respond to a request for his income information. The caseworker imputed more than $89,000 in annual income to defendant. The caseworker recommended entry of an order compelling defendant to pay $768 a month in child support.

In August 2023, defendant objected to the proposed child support order. He noted that a stipulated support order from October 2018 provided that his child-support obligation was zero. Indeed, an FOC recommendation from August 2019 recommended reserving child support given the costs that defendant paid to transport AA to and from Texas for parenting time. Additionally, defendant denied that any caseworker contacted him, and he argued that the incomes assigned to both parties were inaccurate.

The trial court held an evidentiary hearing on the custody dispute over two days in September 2023. And the court entered its written opinion and order resolving the custody dispute in October 2023. The trial court found that AA's established custodial environment was solely with plaintiff, and therefore defendant had the burden to establish by clear and convincing evidence that a change in custody was in AA's best interests. The court then analyzed the various best-interest factors and determined that, given the totality of the factors, defendant had not met his burden to prove that a change in physical custody was warranted by clear and convincing evidence. Accordingly, the court denied his motion to change custody, which effectively precluded AA from attending school in Texas.

The trial court next addressed defendant's objections to the proposed child support order. The court rejected defendant's contention that the FOC had no authority to review child support on its own initiative. The trial court also determined that defendant's claim that he should not be required to pay child support because he paid all of AA's travel expenses was meritless. The court explained that AA's travel expenses were high because defendant made the choice to move to Texas. The trial court noted that childcare expenses for AA were not reduced simply because defendant elected to move to Texas. The court ruled that the payment of travel costs was not a valid basis for reducing child support.

The trial court did not agree with defendant that the FOC's earnings calculations were wrong. The court observed that plaintiff had provided updated information, which supported her reduced imputed income. By contrast, defendant did not submit any updated documentation to the

FOC; therefore, the FOC properly relied on wage data for persons generally involved in the same business as defendant. The trial court stated that defendant submitted his 2023 tax return after the court requested the documents at the evidentiary hearing, but it determined that that tax return did not support changing the income calculation. The court explained that the tax return demonstrated that defendant had a gross income of $121,494, but it still showed a loss of $2,360.[3] The trial court found that the income used by the FOC was more accurate. As such, the court decided to issue the recommended Uniform Child Support Order (UCSO), requiring defendant to pay monthly support in the amount of $768.

Finally, the trial court ruled as follows regarding attorney fees:

> Plaintiff/mother did not specifically request an award of attorney fees, although her prayer for relief in her response to Defendant/father's Motion to Change Custody, seeks "such other and further relief as the court deems just, equitable and in the best interest of the minor child." MCR 3.206 permits an award of attorney fees in a domestic relations matter when it is shown that a party is unable to bear the expense of the action and the other party is able to pay. Given the substantial disparity in the parties' respective incomes and the fact that Defendant/father did not need to incur any attorney fees himself, and given that Plaintiff/mother has been bearing alone the cost of raising [AA] without any financial support from Defendant/father, the Court finds that both requirements of the court rule have been met, and therefore awards Defendant/mother the reasonable and necessary attorney fees that she incurred in defense of Defendant/father's motion.

Subsequently, defendant filed a claim of appeal in this Court on October 31, 2023. In November 2023, defendant moved in the trial court to stay enforcement of the court's ruling pending his appeal. The trial court apparently held a hearing on the motion for stay. The court granted a stay but only as to the award of attorney fees. The motion for stay was denied in all other respects.

In February 2024, defendant moved to modify his child support obligation retroactively to the date of the entry of the last support order. He claimed that the evidence would show that he had a net income of $51,439 in 2021 and $59,918 in 2020, which was substantially lower than the imputed amount used by the FOC. Defendant also noted that he had a second child, which the FOC did not take into consideration.

The trial court later entered a stipulated child support order on February 6, 2024. The order increased plaintiff's imputed income on the basis of her previous employment at $22 an hour for 40 hours a week. The parties also stipulated to using defendant's actual income from 2020 to 2021 for calculating child support. The parties further stipulated to modifying child support on the basis that both parties now had more children. Employing the new criteria, the trial court ordered

---

[3] Defendant operates his own small business.

defendant to pay $383 a month in child support effective February 22, 2024. The court entered a revised UCSO in March 2024.

The trial court entered yet another stipulated order in June 2024. The stipulated order provided that the parties would have joint legal and joint physical custody of AA. The order also changed AA's domicile to defendant's home in Texas effective June 7, 2024. AA would now attend school in Texas. The order further stated that the parties would exercise week-on/week-off parenting time. The order additionally provided that neither party would pay child support. The parties agreed to refuse services from the FOC.

## II. ANALYSIS

### A. CUSTODY DISPUTE

We first address defendant's claims that the trial court erred when it denied his motion to change physical custody and his request to allow AA to attend school in Texas. We conclude that these claims of error were rendered moot or were waived by the stipulated order on custody that was entered after this appeal was filed.

"Whether a case is moot is a threshold question that we address before reaching the substantive issues of a case." *Gleason v Kincaid*, 323 Mich App 308, 314; 917 NW2d 685 (2018). A claim of error is moot when a subsequent event has rendered it impossible for the appellate court to fashion a remedy. *Garrett v Washington*, 314 Mich App 436, 450; 886 NW2d 762 (2016). Because reviewing a moot issue would ordinarily be a purposeless endeavor, this Court will generally dismiss a moot claim without reaching the merits. *Gleason*, 323 Mich App at 315. This Court will, however, review a moot claim when there is a reasonable expectation that a publicly-significant wrong will recur yet escape judicial review. *Id.* A waiver involves the intentional abandonment or relinquishment of a known right, and the affirmative expression of assent constitutes a waiver. *VHS Huron Valley Sinai Hosp v Sentinel Ins Co*, 322 Mich App 707, 716; 916 NW2d 218 (2017).

In the trial court, defendant moved for a change in custody and other relief. More specifically, he asked the trial court to award him physical custody of AA and to allow AA to attend school in Texas. The trial court denied the motion in October 2023. In June 2024, the trial court entered the stipulated order that gave defendant joint physical and legal custody of AA. The order also changed AA's domicile to defendant's home in Texas and put into place a week-on and week-off parenting-time schedule.

Given the changes accomplished by the stipulated order entered in June 2024, defendant has obtained most if not all the relief that he had requested, including having AA's domicile and schooling changed to Texas and being awarded, while not sole physical custody, at least joint physical custody.[4] To the extent that defendant obtained relief in the stipulated custody order that

---

[4] While plaintiff was described as having sole physical custody of AA, the parenting-time arrangement between the parties would more accurately be characterized as joint physical custody.

he had requested in his rejected motion, it is impossible for us to fashion a remedy and those issues are now moot. See *Garrett*, 314 Mich App at 450.[5] And to the extent that the stipulated order on custody may not have resulted in defendant obtaining all the relief that he sought in his rejected motion, we conclude that the claim for such relief was waived.[6] Despite the fact that he had a pending appeal, defendant affirmatively reached an agreement with plaintiff to share physical and legal custody of AA, which was memorialized in a stipulated court order, thereby abandoning or relinquishing a known right to a ruling from this Court on his appeal. Were we to hold that the trial court erred by not awarding defendant physical and legal custody back in October 2023, the subsequently-entered stipulated custody order would ultimately govern. We conclude that the doctrines of mootness and waiver demand, respectively, dismissal and affirmance.

## B. CHILD SUPPORT

We next address defendant's claim that the trial court erred when it adopted the child support order recommended by the FOC. "Whether this Court has jurisdiction to hear an appeal is always within the scope of this Court's review." *Chen v Wayne State Univ*, 284 Mich App 172, 191; 771 NW2d 172 (2009). This Court has jurisdiction of an appeal of right from a final judgment or order as defined in MCR 7.202(6). See MCR 7.203(A)(1). In MCR 7.202(6)(a)(*iii*), our Supreme Court defined "final order" to include "in a domestic relations action, a postjudgment order that, as to a minor, grants or denies a motion to change legal custody, physical custody, or domicile." It also defined "final order" to include a "postjudgment order awarding or denying attorney fees and costs under court rule or other law." See MCR 7.202(6)(a)(*iv*).

Defendant appealed the trial court's decisions on custody, domicile, and attorney fees. Those orders constitute final orders for purposes of an appeal of right. A modification of child

---

See MCL 722.26a(7)(a) ("joint custody" means "[t]hat the child shall reside alternately for specific periods with each of the parents"). Furthermore, although defendant requested that he be awarded physical custody of the child, it appears that defendant ultimately wished for joint physical custody but with parenting time reversed. Defendant's main objectives were to have AA's domicile changed to Texas and for her to attend school in Texas. He states in his brief on appeal that he did not propose a change in the established custodial environment, just "a reversal of the school schedule," citing caselaw stating that flip-flopping a parenting-time arrangement does not change the established custodial environment. Accordingly, defendant ostensibly received everything he hoped for upon entry of the stipulated custody order.

[5] Moreover, we cannot grant defendant relief for any lost parenting time that he might have exercised but for the alleged error. See *Stern v Stern*, 327 Mich 531, 534; 42 NW2d 737 (1950) (declining to address a parenting-time dispute over a specific period of parenting time because the Court could not grant relief given that the relevant period had passed).

[6] Although defendant contends in his brief on appeal that the trial court erred by not awarding him sole legal custody, at no point in the lower court proceedings did he assert that an inability to co-parent AA warranted an award of sole legal custody in favor of defendant. Moreover, any claim for sole legal custody was waived and rendered moot when defendant entered into the stipulated custody order.

support, however, is not defined as a final order. See MCR 7.202(6)(a). Moreover, the fact that the trial court addressed defendant's objections to the child support recommendation in its opinion and order resolving the custody dispute did not transform the child support ruling into one appealable as of right. See MCR 7.203(A)(1) (an appeal from an order that is appealable by right "is limited to the portion of the order with respect to which there is an appeal of right"). Accordingly, we do not have jurisdiction over defendant's appeal to the extent that it includes a claim of error regarding the UCSO. Furthermore, given the stipulated child support order requiring neither party to pay support, the doctrines of mootness and waiver would operate to preclude appellate relief with respect to child support going forward. In sum, we reject defendant's appeal of the trial court's child support ruling.

## C. ATTORNEY FEES

Defendant finally argues that the trial court erred when it awarded plaintiff attorney fees. This Court reviews de novo whether the trial court properly interpreted and applied the court rules. *Franks v Franks*, 330 Mich App 69, 86; 944 NW2d 388 (2019). We review a trial court's decision whether to exercise its discretion to award attorney fees for an abuse of discretion. *Borowsky v Borowsky*, 273 Mich App 666, 687; 733 NW2d 71 (2007). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Ford Motor Co v Dep't of Treasury*, 313 Mich App 572, 588; 884 NW2d 587 (2015). A trial court necessarily abuses its discretion when it bases its decision on an error of law. *Gay v Select Specialty Hosp*, 295 Mich App 284, 292; 813 NW2d 354 (2012).

The trial court relied on MCR 3.206 in awarding plaintiff attorney fees. MCR 3.206(D) provides, in pertinent part:

> (1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.

> (2) A party who requests attorney fees and expenses must allege facts sufficient to show that:

> (a) the party is unable to bear the expense of the action, including the expense of engaging in discovery appropriate for the matter, and that the other party is able to pay, . . . .

In this case, assuming that the trial court could sua sponte award attorney fees under MCR 3.206(D) absent specific allegations of fact by plaintiff on the subject, there simply was no evidence presented showing that plaintiff was unable to bear the expenses related to defending against defendant's motion. See *Loutts v Loutts (After Remand)*, 309 Mich App 203, 216; 871 NW2d 298 (2015). Accordingly, we must vacate the award of attorney fees.

## III. CONCLUSION

With respect to the issues of child custody, domicile, and schooling, we dismiss defendant's appeal as moot or otherwise affirm the trial court's ruling on the basis of waiver. In

regard to child support, we dismiss defendant's appeal for lack of jurisdiction, while also concluding that the doctrines of mootness and waiver lend further support to rejecting defendant's appeal. Finally, we vacate the trial court's award of attorney fees.

We dismiss and affirm in part and vacate in part. We decline to award taxable costs under MCR 7.219.

/s/ James Robert Redford
/s/ Michael F. Gadola
/s/ Michael J. Riordan